UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | **SUBPOENA FOR RULE 2004 EXAMINATION** |
| **JEFFREY MARC SISKIND** | Case No.: 13-13096-PGH |
| Debtor. | Chapter 11 |

**HSBC BANK USA, N.A.'S NOTICE OF TAKING
RULE 2004 EXAMINATION OF THE DEBTOR *DUCES TECUM***

TO:  Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, Florida 33414

525 S. Flagler Drive, Suite 500
West Palm Beach, Florida 33401
561.832.7720
jeffreysiskind@msn.com

☒ YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Ehrenstein Charbonneau Calderin
501 Brickell Key Drive, Suite 300
Miami, FL 33131 | TBD |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **See Exhibit "A" attached.**

| PLACE: | DATE AND TIME |
|---|---|
| Ehrenstein Charbonneau Calderin
c/o Elan A. Gershoni, Esq.
501 Brickell Key Drive, Suite 300
Miami, FL 33131 | May 15, 2013 at 10:00 A.M. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | 5/1/13 |

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:**
Elan A. Gershoni, Esq.
Ehrenstein Charbonneau Calderin, Counsel for HSBC
501 Brickell Key Drive, Suite 300
Miami, FL 33131
305.722.2002
eag@ecclegal.com

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
|  | 5/1/13 | E-Mail & ECF |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jeffrey Marc Siskind | E-Mail and ECF |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Elan Gershoni |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    5/1/13
              (Date)

[signature]
SIGNATURE OF SERVER

501 Brickell Key Dr., #301
Miami, FL 33131
ADDRESS OF SERVER

Rule 45, Federal. Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure; See also Local Rule 2004-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

(d) DUTIES IN RESPONDING TO SUBPOENA.

 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DEFINITIONS

1. As used herein, the term **"document"** includes every writing, printed or graphic matter, or record of any type and description that is in the possession, control or custody of Debtors, including without limitation, the original and any non-identical copy of any of the following: correspondence, memoranda, stenographic or handwritten notes (of meetings, conferences, and telephone or other conversations or communications), minutes of meetings, drafts, studies, publications, press releases, statements, transcripts of testimony, affidavits, summaries, excerpts, journals, diaries and calendar or diary entries, books, records, accounts pamphlets, voice recordings, reports, surveys, tables, charts, statistical compilations, analyses, applications, work papers, forms, or other writing or recording of any kind. The term "document" also includes any commentary or notation of any kind which does not appear on the original or on another copy. Without limitation of the term "control", a document is deemed to be within Your control if You have ownership, possession, or custody of the document or a copy thereof or the right or ability to secure the document or a copy thereof from any other person or public or private entity having physical possession thereof. Documents are only requested to be produced to the extent that they have not already been requested.

2. **"Person"** means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, association, partnership, business, public agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein, whether specific or within the term "person", to any public or private company, partnership, association, or other entity includes such entity's subsidiaries and affiliates and the entity's and its subsidiaries' and affiliates' present and former directors, officers, employees, attorneys, agents, or anyone acting for any of them at their direction, or under their control.

3.  **"Relating to"** means containing, constituting, showing, mentioning, reflecting, or pertaining or referring in any way, directly or indirectly, to, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

4.  **"You"** or **"Your"** refers to the above-captioned debtor, **Jeffrey Marc Siskind** *aka* **Jeffrey M. Siskind** *aka* **Jeffrey Siskind** *aka* **Jeff Siskind** *dba* **TP5** *dba* **Siskind Legal**

5.  **"Schedules"** shall mean the bankruptcy schedules You filed in the Bankruptcy Case [ECF# 28].

6.  **"Bankruptcy Case"** shall mean the bankruptcy proceeding that You initiated which has a case number: 13-13096-PGH and is pending in the Bankruptcy Court for the Southern District of Florida.

7.  The term **"Closing Document"** means a document typically exchanged between parties at the closing of a real estate transaction, including, but not limited to: contract of sale, title report, deed, certificate of occupancy, survey, mortgage, note, payoff letter, satisfaction of mortgage, gains tax affidavit, real property transfer report, affidavit of title, pool escrow agreement, warranty, affidavit from lending institution, HUD-1 settlement statement, power of attorney, notice of right to cancel, homeowners' association letter, bank undertaking, bank certification, satisfaction of judgment, form 1099, form W-9, escrow agreements, disbursement authorization, and closing statement.

8.  The term **"Miriam Siskind Trust"** shall mean the creditor listed on Schedule D as the "Miriam Siskind Trust c/o William Siskind tfe 525 S. Flagler Drive, 501 West Palm Beach, Florida 33401".

9.  The term **"Key Largo Property"** shall mean the real property listed on Schedule A and whose address is 401 Craysfort Road, Key Largo Florida 33037.

10. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

11. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## INSTRUCTIONS

In responding to these requests you are required to produce those materials within your custody or control, and in addition, those in the possession of or obtainable by your attorneys, investigators, adjusters, insurance carriers, representatives, agents or anyone acting on your behalf.

If, in responding to this Request, you withhold production of any document on the ground of a privilege not to disclose the document, please state with respect to each such document:

    I.    The type of document involved and a general description of the context of the document;

    II.    The name, business, and residence address and telephone numbers and position of the individual from whom the document emanated;

    III.    The name, business, and residence address and telephone numbers and position of each individual to whom the document or documents were sent;

    IV.    In the event that any document called for by a request is withheld on the basis of claim of privilege, please identify that document by stating: (a) any addressor or addressee; (b) matter, number of pages, and attachments or appendices; (c) all persons to whom the document was distributed, shown or explained; (d) its present custodian; and (e) the nature of the privilege asserted upon which Debtors rely in withholding the document;

    V.    The facts upon which Debtors rely in support of their claim that they were privileged to withhold the document or documents;

    VI.    The names, business and residence address and telephone numbers, and positions or occupations of individuals known or believed by the Debtors to have knowledge concerning the factual basis for Debtors' assertion of privilege with regard to the document.

VII.     In the event that any document requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

VIII.    In the event that any document called for by a request has been destroyed or discarded, please identify that document by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown or explained; (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (f) the persons authorizing or carrying out such destruction or discard.

IX.      In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

X.       All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

## TIME LIMITATION

None.

## EXHIBIT "A"

1. Any and all Closing Documents and other documents relating to any and all transfers of ownership of the Key Largo Property, including, but not limited to, the transfers found on the public records of Monroe County, Florida and identified as:

| No. | Record Date | Seller | Buyer | Official Records |
|---|---|---|---|---|
| i. | 12/30/98 | Abdon S. and Maria E. Borges | William L. and Judith S. Siskind | Bk 1553 Pg 1382-1384 |
| ii. | 11/30/99 | William L. and Judith S. Siskind | Jeffrey Siskind and Wendy Siskind Buckingham | Bk 1606 Pg 1407 |
| iii. | 4/26/00 | Jeffrey Siskind and Wendy Siskind Buckingham | Transamerican Commercial, Ltd. | Bk 1629 Pg 2147 |
| iv. | 10/25/01 | Transamerican Commercial, Ltd. | William L. Siskind and Jeffrey M. Siskind | Bk 1733 Pg 2427 |
| v. | 3/11/02 | William L. Siskind and Jeffrey M. Siskind | Transamerican Commercial, Ltd. | Bk 1766 Pg 1996 - 1997 |
| vi. | 5/6/04 | Transamerican Commercial, Ltd. | Jeffrey M. Siskind | Bk 2000 Pg 1536 |

2. Any and all documents evidencing that any party, other than You, currently has any legal and/or equitable interests in the Key Largo Property.

3. Any and all Closing Documents and other documents relating to any and all encumbrances, voluntary or otherwise, placed on of the Key Largo Property, including, but not limited to, the encumbrances found on the public records of Monroe County, Florida and identified as:

| No. | Record Date | Lienor | Official Records |
|---|---|---|---|
| i. | 12/30/98 | Gibraltar Bank, FSB | Bk 1553 Pg 1385 |
| ii. | 11/9/99 | Miriam M. Siskind Trust | Bk 1603 Pg 1444 |
| iii. | 12/14/01 | Washington Mutual Bank | Bk 1745 Pg 1950 |
| iv. | 5/6/04 | Pinebank, N.A. | Bk 2000 Pg 1537 |
| v. | 8/26/04 | Bank One, N.A. | Bk 2037 Pg 1541 |
| vi. | 9/1/05 | JPMorgan Chase Bank, N.A. | BK 2147 Pg 2191 |
| vii. | 11/14/06 | Entrust Mortgage, Inc. | Bk 2251 Pg 1566 |

4. Any and all documents evidencing any consideration received and/or exchanged with the Miriam Siskind Trust in connection with the mortgage identified as "ii." in paragraph 3 above.

5. Any and all documents relating to the settlement or creation of the Miriam Siskind Trust.

6. Any and all documents evidencing the current beneficiaries of the Miriam Siskind Trust.

7. Any and all documents evidencing the current legal interest-holders of the Miriam Siskind Trust.

8. Any and all documents evidencing the res of the Miriam Siskind Trust.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com