**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br><br>JEFFREY M. SISKIND<br>          Debtor.<br>_____/ | Case Nos.:       13-13096-BKC-PGH<br><br>Chapter 11 |

**CHAPTER 11 PLAN OF LIQUIDATION**

Submitted on October  ---, 2013 by:

EHRENSTEIN CHARBONNEAU CALDERIN
Attorneys for Plan Proponent
501 Brickell Key Drive
Third Floor
Miami, FL  33131
T. 305.722.2002 F. 305.722.2001
www.ecclegal.com

## <u>TABLE OF CONTENTS</u>

INTRODUCTION................................................................................................................ 1

ARTICLE I.   DEFINITIONS ........................................................................................ 2

  A.   Scope of Definitions........................................................................................ 2

    1.   Administrative Claim................................................................................. 3

    2.   Allowed Administrative Claim.................................................................. 3

    3.   Allowed Claim........................................................................................... 3

    4.   Allowed Interest........................................................................................ 4

    5.   Allowed Priority Claim............................................................................. 4

    6.   Allowed Secured Claim............................................................................. 4

    7.   Allowed Unsecured Claim ........................................................................ 4

    8.   Assets ......................................................................................................... 4

    9.   Available Cash ........................................................................................... 4

    10.   Ballot ......................................................................................................... 4

    11.   Bankruptcy Code....................................................................................... 5

    12.   Bankruptcy Court...................................................................................... 5

    13.   Bankruptcy Rules...................................................................................... 5

    14.   Bar Date..................................................................................................... 5

    15.   Business Day.............................................................................................. 5

    16.   Cash........................................................................................................... 5

    17.   Cause of Action ........................................................................................ 6

    18.   Chapter 11 Case........................................................................................ 6

    19.   Claim......................................................................................................... 6

    20.   Claimant.................................................................................................... 6

    21.   Claim Objection Deadline......................................................................... 6

    22.   Class or Classes ........................................................................................ 6

    23.   Collected Cash Accounts.......................................................................... 6

    24.   Confirmation ............................................................................................. 6

    25.   Confirmation Date ..................................................................................... 6

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

26.  Confirmation Hearing ...................................................................................... 7

27.  Confirmation Order .......................................................................................... 7

28.  Debtor .............................................................................................................. 7

29.  Disclosure Statement ........................................................................................ 7

30.  Disputed Claim ................................................................................................. 7

31.  Disputed Claims Fund ...................................................................................... 8

32.  Distribution ...................................................................................................... 8

33.  Distribution Date .............................................................................................. 8

34.  Effective Date ................................................................................................... 9

35.  Estate ................................................................................................................ 9

36.  Executory Contracts ......................................................................................... 9

37.  Final Decree ..................................................................................................... 9

38.  Final Order ....................................................................................................... 9

39.  Governmental Unit ......................................................................................... 10

40.  Governmental Unit Bar Date ......................................................................... 10

41.  Holder ............................................................................................................ 10

42.  HSBC .............................................................................................................. 10

43.  Impairment or Impaired ................................................................................. 10

44.  Insider ............................................................................................................ 10

45.  Interests ......................................................................................................... 10

46.  Lien ................................................................................................................ 11

47.  Liquidating Trust ........................................................................................... 11

48.  Liquidating Trust Agreement ......................................................................... 11

49.  Liquidating Trustee ........................................................................................ 11

50.  Liquidating Trust Assets ................................................................................ 11

51.  Litigation Claims ........................................................................................... 11

52.  Net Disposable Income .................................................................................. 13

53.  Objection ........................................................................................................ 13

54.  Person ............................................................................................................. 13

55.  Petition Date ................................................................................................... 13

56.  Plan ................................................................................................................ 13

iii

**57.**     **Plan Proponent** ................................................................................................ **13**

**58.**     **Post-Confirmation Administrative Claim** ...................................................... **14**

**59.**     **Post Confirmation Professionals** ...................................................................... **14**

**60.**     **Postpetition** ........................................................................................................ **14**

**61.**     **Priority Claim** ................................................................................................... **14**

**62.**     **Priority Tax Claim** ............................................................................................ **14**

**63.**     **Professionals** ..................................................................................................... **14**

**64.**     **Proof of Claim** .................................................................................................. **14**

**65.**     **Rejection Claim** ................................................................................................ **14**

**66.**     **Schedules** .......................................................................................................... **15**

**67.**     **Secured Claim** .................................................................................................. **15**

**68.**     **Unclaimed Property** ......................................................................................... **15**

**69.**     **Unsecured Claim** .............................................................................................. **16**

**70.**     **Voting Deadline** ................................................................................................ **16**

**B.**     **Rules of Interpretation** ....................................................................................... **16**


**ARTICLE II   TREATMENT OF UNCLASSIFIED CLAIMS** .............................................. **16**

    **A.**    **Administrative Claims.** ............................................................................................ **17**

     **1.**    **Time for Filing Administrative Claims.** ...................................................... **17**

     **2.**    **Time for Filing Administrative Claims of Professionals.** ........................... **17**

     **3.**    **Allowance of Administrative Claims.** ......................................................... **17**

     **4.**    **Payment of Allowed Administrative Claims.** ............................................. **18**

     **5.**    **Priority Tax Claims.** ..................................................................................... **18**

     **6.**    **United States Trustee's Fees.** ...................................................................... **18**


**ARTICLE III  CLASSIFICATION OF CLAIMS AND INTERESTS** ................................... **18**

    **A.**    **Generally.** .................................................................................................................. **18**

    **B.**    **Classification.** ........................................................................................................... **19**

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**ARTICLE IV  TREATMENT OF CLASSES OF CLAIMS AND INTERESTS** ................. 19

    **A.  Class 1.  Allowed Priority Claims.** ................................................ 19

    **B.  Class 2.  Allowed Secured Claims.** ............................................... 19

    **C.  Class 3.  Allowed Unsecured Claims.** .......................................... 20

    **D.  Class 4.  Debtor's Interest.** ........................................................... 20

**ARTICLE V  EFFECTUATION AND IMPLEMENTATION OF PLAN** ........................... 20

    **A.  Disputed Claims Fund.** .............................................................. 23

    **B.  Indemnity of Liquidating Trustee.** ............................................ 24

    **C.  Miscellaneous.** .......................................................................... 24

    **D.  Treatment of Claims and Injunctions.** ...................................... 24

    **E.  No *Res Judicata* Effect.** ........................................................... 26

**ARTICLE VI  INJUNCTION AND OTHER LIMITATIONS OF LIABILITY** ................. 27

    **A.  Applicability of Injunction/Stay as to Assets of the Estate/Exculpation.** ..................... 27

**ARTICLE VII  OBJECTIONS TO CLAIMS** ........................................................... 27

**ARTICLE VIII  EXECUTORY CONTRACTS AND LEASES.** .......................................... 28

**ARTICLE IX  DISTRIBUTIONS** .......................................................................... 29

    **A.  Distributions Under the Plan.** ................................................... 29

    **B.  Delivery of Distributions in General.** ....................................... 29

    **C.  Cash Payments.** ........................................................................ 30

    **D.  Interest on Claims.** ................................................................... 30

    **E.  No *De Minimus* Interim Distributions.** .................................... 30

    **F.  Face amount.** ............................................................................ 30

    **G.  Failure to Negotiate Checks.** .................................................... 31

    **H.  Unclaimed Property.** ................................................................. 31

    **I.  No Payment or Distribution Pending Allowance.** ...................... 32

J.   Disputed Distributions...................................................................................... 33

K.   Estimation of Disputed Claims. ...................................................................... 33

L.   Compliance with Tax Requirements............................................................... 33

M.   Retain Books and Records .............................................................................. 34


ARTICLE X   PROVISIONS TO INVOKE CRAMDOWN PROCEEDINGS
                   IF NECESSARY ....................................................................... 34


ARTICLE XI  EFFECT OF CONFIRMATION AND DEBTOR'S DISCHARGE ............ 34


ARTICLE XII   AMENDMENT AND MODIFICATION ...................................... 35


ARTICLE XII   REVOCATION.................................................................................. 36


ARTICLE XIII  RETENTION OF JURISDICTION................................................. 36


ARTICLE XIV  MISCELLANEOUS PROVISIONS ...................................... 40

A.   Substantial Consummation of Plan................................................................. 40

B.   Confirmation Order Controls.......................................................................... 40

C.   Headings........................................................................................................... 40

D.   Successors and Assigns.................................................................................... 41

E.   Notices. ............................................................................................................. 41

F.   Exemption from Taxes. .................................................................................... 41

G.   Binding Effect of Plan. .................................................................................... 41

H.   Final Order. ...................................................................................................... 41

I.   Business Days. ................................................................................................... 42

J.   Severability of Plan Provisions. ..................................................................... 42

K.   Governing Law. ............................................................................................... 42

L.   Filing of Additional Documents...................................................................... 43

M.   Time. .................................................................................................................. 43

N.   Saturday, Sunday or Legal Holiday. .............................................................. 43

EHRENSTEIN CHARBONNEAU CALDERIN

501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

**O.**    **No Attorneys' Fees.** ................................................................................................. **43**

**P.**    **Preservation of Rights of Setoff.** ...................................................................... **44**

**Q.**    **Defenses with Respect to Unimpaired Claims.** ............................................ **44**

**R.**    **No Injunctive Relief.** ............................................................................................ **44**

**S.**    **Duties of Regulatory Agencies.** ......................................................................... **44**

**T.**    **No Admissions.** ....................................................................................................... **44**

**U.**    **Entire Agreement.** .................................................................................................. **45**

**ARTICLE XV    CONCLUSION** ..................................................................................... **45**

Exhibit A – Liquidating Trust Agreement

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**INTRODUCTION**

HSBC Bank, NA ("<u>HSBC</u>" or "<u>Plan Proponent</u>")[1], by and through its authorized agent, Attorney's Title Insurance Fund as a creditor in this Chapter 11 Case, hereby proposes this Plan of Liquidation (the "<u>Plan</u>") pursuant to Section 1121 of the United States Bankruptcy Code. HSBC, as the Plan Proponent, requests Confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement (the "<u>Disclosure Statement</u>") accompanying this Plan for a discussion of treatment of Claims against and Interests in the Estate, preservation of Litigation Claims, risk factors, liquidation analysis, tax implications, alternatives to the Plan, a summary and analysis of this Plan and certain related matters.

Under Section 1125(b) of the Bankruptcy Code, a vote to accept or reject the Plan cannot be solicited from the Holder of a Claim or Interest until such time as the Disclosure Statement has been approved by the Bankruptcy Court and distributed to Holders of Claims and Interests. No materials, other than the Plan and the accompanying Disclosure Statement, Disclosure Statement Approval Order, the Ballot and the Solicitation Order, have been approved by HSBC or the Bankruptcy Court for use in soliciting acceptances or rejections of the Plan.

IN THE OPINION OF HSBC, THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN CONTEMPLATES A GREATER RECOVERY THAN THAT WHICH IS LIKELY TO BE ACHIEVED UNDER OTHER ALTERNATIVES FOR THE REORGANIZATION OR LIQUIDATION OF THE DEBTOR.    ACCORDINGLY, HSBC BELIEVES THAT CONFIRMATION OF THE PLAN IS IN THE BEST INTERESTS OF CREDITORS AND

---

[1] Unless otherwise defined, capitalized terms used in the Plan shall have the meanings ascribed to such terms in Article I of the Plan.

1

HOLDERS OF INTERESTS, AND HSBC RECOMMENDS THAT CREDITORS AND HOLDERS OF INTERESTS VOTE TO ACCEPT THE PLAN.

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, UNLESS OTHERWISE STATED, ALL STATEMENTS IN THE PLAN AND IN THE ACCOMPANYING DISCLOSURE STATEMENT CONCERNING THE HISTORY OF THE DEBTOR'S FINANCIAL CONDITION, THE PAST OR PRESENT FINANCIAL CONDITION OF THE DEBTOR, TRANSACTIONS TO WHICH THE DEBTOR WAS OR IS A PARTY, OR THE EFFECT OF CONFIRMATION OF THE PLAN ON HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTOR ARE ATTRIBUTABLE EXCLUSIVELY TO THE DEBTOR'S DISCLOSURES AND ANY ADDITIONAL DISCOVERY UNDERTAKEN BY PLAN PROPONENT NOT TO ANY OTHER PARTY.

ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN.  SUBJECT TO CERTAIN RESTRICTIONS AND REQUIREMENTS SET FORTH IN SECTION 1127 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3018 AND IN THIS PLAN, HSBC RESERVE THE RIGHT TO ALTER, AMEND, MODIFY, REVOKE OR WITHDRAW THIS PLAN PRIOR TO ITS SUBSTANTIAL CONSUMMATION.

## ARTICLE I

### DEFINITIONS

**A.**     <u>**Scope of Definitions.**</u> For purposes of this Plan and to the extent not otherwise provided herein, the terms below shall have the respective meanings hereinafter set forth and designated with the initial letter of each word being capitalized and, unless otherwise indicated, the singular

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

shall include the plural, the plural shall include the singular and capitalized terms shall refer to the terms as defined in this Article.

1.      **"Administrative Claim"** shall mean a Claim for costs and expenses of administration allowed under Sections 503(b) or 507(b) of the Bankruptcy Code

2.      **"Allowed Administrative Claim"** shall mean all or that portion of an Administrative Claim which has been allowed by a Final Order of the Bankruptcy Court.  In no event shall any Claim set out in a Proof of Claim or any application, motion, request or other Bankruptcy Court approved pleading be deemed to be an Allowed Administrative Claim without further order of the Bankruptcy Court.

3.      **"Allowed Claim"** shall mean a Claim: (a) (i) proof of which was timely and properly filed, (ii) proof of which was deemed filed pursuant to Section 1111(a) of the Bankruptcy Code, or (iii) if no such proof was filed or deemed filed, such Claim has been or hereafter is listed by the Debtor on his Schedules filed under Section 521(1) of the Bankruptcy Code as liquidated in amount and not disputed or contingent and, in any case, as to which (A) no objection to the allowance thereof has been or is interposed, or (B) any such objection has been settled, withdrawn or determined by a Final Order, (b) based on an application of a Professional under Section 330, Section 331, or Section 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Chapter 11 Case, to the extent such application is approved by a Final Order; or (c) expressly allowed under this Plan or the Confirmation Order.  Unless otherwise specified herein or by order of the Bankruptcy Court, **"Allowed Claim"** shall not include interest on such Claim for the period from and after the Petition Date.

3

4.  **"Allowed Interest"** shall mean an Interest which has been allowed by a Final Order of the Bankruptcy Court undisputed.

5.  **"Allowed Priority Claim"** shall mean a Priority Claim which has been allowed by a Final Order of the Bankruptcy Court or is undisputed.

6.  **"Allowed Secured Claim"** shall mean a Secured Claim which has been allowed by a Final Order of the Bankruptcy Court or is undisputed.

7.  **"Allowed Unsecured Claim"** shall mean an Unsecured Claim which has been allowed by a Final Order of the Bankruptcy Court or is undisputed.

8.  **"Assets"** shall mean all of the Debtor's property, regardless of whether the Debtor claimed it exempt or not in the Bankruptcy Case, including, without limitation, all legal or equitable interests of the Debtor in any and all real or personal property of any nature, including any real estate, buildings, structures, improvements, privileges, rights, easements, leases, subleases, licenses, goods, materials, supplies, furniture, fixtures equipment, work in process, accounts, chattel paper, Cash, deposit accounts, reserves, deposits, contractual rights, intellectual property rights, Litigation Claims, stock, any other general intangibles, and any other trusts or business entities that he has an interest in, whether disclosed or not, and the proceeds, product, offspring, rents or profits thereof.

9.  **"Available Cash"** shall mean the amount of Cash on deposit in the Debtor's bank accounts, whether designated as debtor-in-possession accounts or otherwise, on the Effective Date.

10.  **"Ballot"** shall mean the ballot accompanying the Disclosure Statement upon which Holders of impaired Claims entitled to vote on this Plan shall indicate their acceptance or rejection of this Plan in accordance with the instructions regarding voting.

4

11.     **"Bankruptcy Code"** shall mean Title 11 of the United States Code, 11 U.S.C. § 101, et. seq., in effect as of the Petition Date, together with all amendments and modifications thereto to the extent applicable to this Chapter 11 Case.

12.     **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the Southern District of Florida, or such other court as may hereafter have jurisdiction over this proceeding.

13.     **"Bankruptcy Rules"** shall mean the Federal Rules of Bankruptcy Procedure now in effect or as hereafter amended.

14.     **"Bar Date"** shall mean June 12, 2013, the last date for creditors and Holders of Interests to file proofs of Claims or Interests in this Chapter 11 Case, excluding (a) a Prepetition Claim of a Governmental Unit, for which a Proof of Claim must be filed with the Bankruptcy Court by the Governmental Unit Bar Date, (b) an Administrative Claim, for which a request for payment of an Administrative Claim must be filed with the Bankruptcy Court by the Administrative Claim Bar Date, (c) a Claim for which a bar date may have been otherwise established by a Final Order of the Bankruptcy Court, for which a Proof of Claim must be filed with the Bankruptcy Court by the date set forth in such Final Order, and (d) a Claim with respect to an executory contract or unexpired lease that is assumed or rejected pursuant to the Plan (as to which the bar date shall be as set forth in this Plan) or a Final Order of the Bankruptcy Court (as to which the bar date shall be as set forth in such Final Order.

15.     **"Business Day"** shall mean any other day other than a Saturday, Sunday, or legal holiday as such term is defined in Bankruptcy Rule 9006(a).

16.     **"Cash"** shall mean money, currency and coins, negotiable checks, balances in bank accounts and other lawful currency of the United States of America and its equivalents.

5

17.    **"Cause of Action"** shall mean all claims, choses in action, third-party claims, counterclaims and cross claims) of the Debtor, the Debtor in possession, and/or the Estate.

18.    **"Chapter 11 Case"** shall mean the proceedings under Chapter 11 of the Bankruptcy Code for the reorganization or liquidation of the Debtor, which was commenced in the Bankruptcy Court on the Petition Date under case number 13-13096-PGH.

19.    **"Claim"** shall mean any claim, as that term is defined in Section 101(5) of the Bankruptcy Code.

20.    **"Claimant"** shall mean any Person who asserts a Claim in this Chapter 11 Case.

21.    **"Claim Objection Deadline"** shall mean the date set by order of the Bankruptcy Court (without notice or hearing) for objecting to Claims against the Debtor's Estate.

22.    **"Class or Classes"** shall mean each class or classes of creditors or Holders of Interests classified under the Plan pursuant to Section 1122 of the Bankruptcy Code.

23.    **"Collected Cash Accounts"** shall mean those certain bank accounts maintained by the Liquidating Trust from and after the Effective Date, (i) into which (A) all Cash remaining in the Debtor's Estate as of the Effective Date shall be deposited, (B) all proceeds from the liquidation of the Liquidating Trust Assets, from and after the Effective Date, and (C) the Debtor's Net Disposable Income shall be deposited, and (ii) from which the Liquidating Trust shall make Distributions required under the Plan and otherwise to satisfy the obligations of the Liquidating Trust under the Plan.

24.    **"Confirmation"** shall mean the entry of an order of the Bankruptcy Court confirming the Plan in accordance with Section 1129 of the Bankruptcy Code.

25.    **"Confirmation Date"** shall mean the date on which the Confirmation Order is entered on the computerized docket maintained by the clerk of the Bankruptcy Court.

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

26. **"Confirmation Hearing"** shall mean the hearing conducted by the Bankruptcy Court under Section 1128 of the Bankruptcy Code wherein the Bankruptcy Court shall consider confirmation of this Plan, in accordance with Section 1129 of the Bankruptcy Code, as the same may be continued from time to time.

27. **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

28. **"Debtor"** shall mean, Jeffrey M. Siskind, the above-captioned Debtor.

29. **"Disclosure Statement"** shall mean the Disclosure Statement and exhibits thereto that relate to this Plan and prepared pursuant to Section 1125 of the Bankruptcy Code, as amended, modified or supplemented from time to time.

30. **"Disputed Claim"** shall mean all Claims: (a) which are listed in the Schedules as disputed, contingent or unliquidated, or (b) as to which (i) a proof of Claim has been filed, (ii) an objection, or request for estimation, has been timely filed (and not withdrawn) by any party in interest, and (iii) no Final Order has been entered thereon. In the event that any part of a Claim is disputed, such Claim in its entirety shall be deemed to constitute a Disputed Claim for purposes of distribution under this Plan unless a Final Order has been entered allowing such Claim. Without limiting any of the above, a Claim that is the subject of a pending objection, motion, complaint, counterclaim, setoff, avoidance action, Litigation Claim or other defense, or any other proceeding seeking to disallow, subordinate or estimate such Claim, shall be deemed to constitute a Disputed Claim. In addition to the foregoing, a Disputed Claim shall also mean a Claim that is not an Allowed Claim, whether or not an objection has been or may be timely filed, if (a) the amount of the Claim specified in the Proof of Claim exceeds the amount of any corresponding Claim scheduled in the Schedules, (b) the classification of the Claim specified in

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

the Proof of Claim differs from the classification of any corresponding Claim scheduled in the Schedules, (c) any corresponding Claim has been scheduled in the Schedules as disputed, contingent or unliquidated, (d) no corresponding Claim has been scheduled in the Schedules, or (e) such Claim is reflected as unliquidated or contingent in the Proof of Claim filed in respect thereof.  "Disputed" when used as an adjective herein (such as Disputed Administrative Claim, Disputed Priority Tax Claim, Disputed Priority Claim, Disputed Secured Claim, and Disputed Unsecured Claim) has a corresponding meaning.

31.     "Disputed Claims Fund" shall mean the reserve created and established by the Liquidating Trustee on the books and records of the Liquidating Trust in accordance with the provisions of this Plan for the purposes of accounting for Distributions to Holders of Disputed Claims in the Estates pending the determination and allowance, if applicable, thereof by Final Order of the Bankruptcy Court.  Any unused amounts accounted for in the Disputed Claims Fund shall become Cash under the Liquidating Trust, including for purposes of making Distributions to Holders of Allowed Claims and Allowed Interests in accordance with the terms of the Liquidating Trust and this Plan.

32.     "Distribution" shall mean each distribution of Cash to Holders of Allowed Claims (including to the Disputed Claims Fund) and if applicable Holders of Allowed Interests pursuant to and under the terms of this Plan by the Liquidating Trustee, as applicable, on each Distribution Date.

33.     "Distribution Date" shall mean: (i) the Effective Date of the Plan (or as soon as practicable thereafter) on which date the Liquidating Trustee shall pay all Allowed Claims required to be paid on the Effective Date under the Plan, (ii) with respect to each Distribution pursuant to the Plan by the Liquidating Trustee, on the date or dates when there is sufficient

8

Cash, in the Liquidating Trustee's business judgment and reasonable discretion, in the Collected Cash Accounts to make a meaningful distribution to Holders of Allowed Claims under this Plan, provided that with respect to Disputed Claims, the initial Distribution thereon shall be made to the Disputed Claims Fund, provided however, that no Distribution shall be made unless Cash exists in excess of any reserves determined to be appropriate by the Liquidating Trustee, including for Post Confirmation Administrative Claims, and those amounts reserved for Distributions on Disputed Claims in the Disputed Claims Fund.

34.    **"Effective Date"** shall mean the date which is fifteen (15) business days after the date the Confirmation Order is entered on the Bankruptcy Court's computerized docket by the clerk of the Bankruptcy Court, or the first Business Day thereafter

35.    **"Estate"** shall mean the estate created in the Chapter 11 Case for the Debtor pursuant to Section 541 of the Bankruptcy Code.

36.    **"Executory Contracts"** shall mean all contracts, oral or written, to which the Debtor is a party and which are executory within the meaning of Section 365 of the Bankruptcy Code.

37.    **"Final Decree"** means the final decree for each of the Chapter 11 Case entered by the Bankruptcy Court pursuant to Bankruptcy Rule 3022.

38.    **"Final Order"** shall mean an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified or amended and: (i) as to which the time to appeal or seek reconsideration or rehearing thereof has expired; (ii) in the event of a motion for reconsideration or rehearing is filed, such motion shall have been denied by an order or judgment of the Bankruptcy Court; or (iii) in the event an appeal is filed and pending, a stay pending appeal has not been entered, provided however that with respect to an order or judgment of the

9

Bankruptcy Court allowing or disallowing a Claim, such order or judgment shall have become final and non-appealable. Provided further that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or analogous rule under the Bankruptcy Rules, may be filed with respect to such order or judgment shall not cause such order or judgment not to be a Final Order.

39.      **"Governmental Unit"** has the meaning ascribed to such term in Section 101(27) of the Bankruptcy Code.

40.      **"Governmental Unit Bar Date"** means August 12, 2013.

41.      **"Holder"** means (a) as to any Claim, (i) the owner or Holder of such Claim as such is reflected on the Proof of Claim filed with respect to such Claim, or (ii) if no Proof of Claim has been filed with respect to such Claim, the owner or Holder of such Claim as such is reflected on the Schedules or the books and records of the Debtor or as otherwise determined by order of the Bankruptcy Court, or (iii) if the owner or Holder of such Claim has assigned or transferred the Claim to a third party and the Debtor or Liquidating Trustee, as the case may be, have received sufficient written evidence of such assignment or transfer, such third party assignee or transferee; and (b) as to any Equity Interest, the record owner or Holder of such Equity Interest as of the Effective Date.

42.      **"HSBC"** shall mean HSBC Bank, N.A.

43.      **"Impairment"** or **"Impaired"** shall have the meaning under Section 1124 of the Bankruptcy Code.

44.      **"Insider"** shall have the meaning set forth in Section 101(31) of the Bankruptcy.

45.      **"Interests"** shall mean any claim, right to payment, or interest in Estate property, other than a Claim.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

46. **"Lien"** shall mean any valid and undisputed mortgage, lien, charge, security interest, encumbrance or other security device of any kind affecting any Asset of the Debtor or the Estate.

47. **"Liquidating Trust"** shall mean that certain irrevocable trust created and established pursuant to the Plan for the benefit of Holders of Allowed Claims and Allowed Interests in the Estates, into which the Liquidating Trust Assets shall be transferred to and vested in on the Effective Date for all purposes under the Plan.

48. **"Liquidating Trust Agreement"** shall mean that certain Liquidating Trust Agreement which sets forth the terms and conditions of the Liquidating Trust, as well as the duties and responsibilities of the Liquidating Trustee, which agreement is substantially in the form attached as **Exhibit "A"** hereto.

49. **"Liquidating Trustee"** shall mean Maria Yip.

50. **"Liquidating Trust Assets"** shall mean all of the Debtor's Assets and equitable and legal interests, whether claimed exempt or not, disclosed or undisclosed, as of the Petition Date, including those which had an interest in as of the Petition Date, which Assets are proposed to be transferred to and vested in the Liquidating Trust under and in accordance with the terms of the Plan on the Effective Date, excluding the Retained Assets.

51. **"Litigation Claims"** shall mean any and all claims, choses in action, causes of action suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payments and claims, whether known or unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether assertable directly or derivatively, in law, equity or otherwise, which are owned or held by, or have accrued to the

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

Debtor or the Estate, whether arising before or after the Petition Date, including without limitation, those which are: (i) property of the Estate or the Debtor under and pursuant to Section 541 of the Bankruptcy Code; (ii) for subrogation and contribution; (iii) for turnover; (iv) for avoidable transfers and preferences under and pursuant to Sections 542 through 550 and 553 of the Bankruptcy Code and applicable state law; (v) to determine the extent, validity and priority of liens and encumbrances; (vi) for surcharge under Section 506(c) of the Bankruptcy Code; (vii) for subordination under Section 510 of the Bankruptcy Code; (viii) related to federal or state securities laws; (ix) direct or derivative claims or causes of action of any type or kind; (x) for professional malpractice against professionals employed by the Debtor; (xi) under and pursuant to any policies of insurance maintained by the Debtor, including without limitation, the directors' and officers' liability insurance policy; (xii) for theft of corporate opportunity; (xiii) for collection on accounts, accounts receivables, loans, notes receivables or other rights to payment; (xiv) for the right to seek a determination by the Bankruptcy Court of any tax, fine or penalty relating to a tax, or any addition to a tax, under Section 505 of the Bankruptcy Code; (xv) which arise under or as a result of any section of the Bankruptcy Code, including Section 362; (xvi) for lender liability against any lender of the Debtor, including but not limited to claims against any such lender for exerting excessive or unreasonable control over the Debtor, for, charging, taking, reserving, collecting or receiving interest in excess of the highest lawful rate, for any breach of fiduciary duty, breach of any duty of fair dealing, breach of confidence, or any cause of action or defense based on the negligence of such lender, for any **"lender liability"** theories, breach of funding commitment, undue influence, duress, economic coercion, conflict of interest, negligence, bad faith, malpractice, violations of the Racketeer Influenced and Corrupt Organizations Act, intentional or negligent infliction of mental distress, tortious interference with

12

contractual relations, tortious interference with corporate governance or prospective business advantage, breach of contract, fraud, mistake, deceptive trade practices, libel, slander, conspiracy, fraudulent conveyance, or any claim for wrongfully taking any action in connection with the foregoing; and (xvii) to the extent not otherwise set forth above, all causes of action identified or described in the Disclosure Statement.

52.    **"Net Disposable Income"** shall have the meaning ascribed to the term in Section 1325(b)(2) of the Bankruptcy Code.

53.    **"Objection"** shall mean any objection, application, motion, complaint or any other legal proceeding, including, with respect to the terms of this Plan, seeking, in whole or in part, to disallow, determine, liquidate, classify, reclassify or establish the priority, expunge, subordinate or estimate any Claim (including the resolution of any request for payment of any Administrative Claim) or Interest other than an Allowed Claim or an Allowed Interest.

54.    **"Person"** shall mean an individual, corporation, partnership, limited liability company, joint venture, trust, estate, unincorporated association, unincorporated organization, governmental entity, or political subdivision thereof, or any other entity.

55.    **"Petition Date"** shall mean February 11, 2013.

56.    **"Plan"** shall mean this plan of liquidation in its entirety, together with all addenda, exhibits and schedules in its present form or as it may be modified, amended or supplemented from time to time.

57.    **"Plan Proponent"** shall mean HSBC, by and through its authorized agent, Attorney's Title Insurance Fund.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

58.    **"Post-Confirmation Administrative Claim"** shall mean a Claim for services rendered or expenses incurred after the Effective Date in connection with this Chapter 11 Case by the Liquidating Trust and/or the Post Confirmation Professionals.

59.    **"Post Confirmation Professionals"** shall mean those professionals engaged by the Liquidating Trust from and after the Effective Date.

60.    **"Postpetition"** means arising or accruing on or after the Petition Date and before the Effective Date.

61.    **"Priority Claim"** shall mean a Claim entitled to priority under Section 507(a)(3)-(7) and (9) of the Bankruptcy Code.

62.    **"Priority Tax Claim"** shall mean a Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

63.    **"Professionals"** shall mean a Person (a) employed in the Chapter 11 Case pursuant to a Final Order in accordance with Section 327, 328 or 1103 or otherwise of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to Sections 327, 328, 329, 330, 331 and 363 of the Bankruptcy Code or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b)(4) of the Bankruptcy Code.

64.    **"Proof of Claim"** means a proof of claim filed with the Bankruptcy Court through the Noticing Agent with respect to a Claim against the Debtor pursuant to Bankruptcy Rule 3001, 3002 or 3003.

65.    **"Rejection Claim"** shall mean a Claim arising under Section 502(g) of the Bankruptcy Code from the rejection under Section 365 of the Bankruptcy Code, or under this Plan, of an Executory Contract or unexpired lease which the Debtor has not assumed.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

66.    **"Retained Assets**" shall refer to the following property:

a.  $1,000.00 in personal property;

b.  $1,000.00 equity in a motor vehicle; and

c.  Such post-petition earnings that are reasonably required to provide for the Debtor's reasonable ordinary household expenses, not to exceed $3,000.00 per month.

67.    **"Schedules"** shall mean the Schedules and Statement of Financial Affairs filed by the Debtor pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code, as amended and supplemented.

68.    **"Secured Claim"** shall mean a Claim which, as of the Effective Date of the Plan and, if necessary, pursuant to a valuation by the Bankruptcy Court pursuant to Section 506(a) of the Bankruptcy Code, is secured by a valid, enforceable and perfected mortgage, lien, security interest or other encumbrance of any kind against any Asset of the Estates, and which is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law.

69.    **"Unclaimed Property"** shall mean any distribution of Cash or any other property made to the Holder of an Allowed Claim pursuant to this Plan that (a) is returned to the Liquidating Trustee as undeliverable and no appropriate forwarding address is received within the later of (i) 90 days after the Effective Date, and (ii) 90 days after such attempted Distribution by the Liquidating Trustee is made to such Holder, or (b) in the case of a distribution made in the form of a check, is not negotiated within 90 days and no request for re-issuance is made.  Except as provided in the Plan, Unclaimed Property shall, unless otherwise set forth herein, be deposited into the registry of the Bankruptcy Court in accordance with the procedures of the Bankruptcy Court for Chapter 7 case pursuant to Local Bankruptcy Rule 3011-1(B).

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

70.    **"Unsecured Claim"** shall mean any Claim against the Estates, but not including an Administrative Claim, a Post-Confirmation Administrative Claim, a Priority Claim, a Secured Claim or a Priority Tax Claim.

71.    **"Voting Deadline"** means the last day to submit a Ballot accepting or rejecting the Plan as fixed by the Disclosure Statement Approval Order.

B.    **Rules of Interpretation**.    Any term used but not defined herein shall have the meaning given to it by the Bankruptcy Code or the Bankruptcy Rules, if used therein. The words **"herein," "hereof", "hereunder"** and other words of similar import refer to this Plan as a whole, not to a particular section, subsection, paragraph, subparagraph or clause, unless the context requires otherwise. Whenever it appears appropriate from the context, each term stated in the singular or the plural includes the singular and the plural, and each pronoun stated in the masculine, feminine or neuter includes the masculine, feminine and the neuter.  All captions and headings to articles and paragraphs of the Plan are inserted for convenience and reference only and are not intended to be a part or to affect the interpretation of the Plan. Any rules of construction set forth in Section 102 of the Bankruptcy Code shall apply, unless superseded herein or in the Confirmation Order.  In computing any period of time prescribed or allowed by this Plan, unless otherwise expressly provided, the provisions of the Bankruptcy Rule 9006(a) shall apply.

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

The following are Unclassified Claims: Administrative Claims, Priority Tax Claims, and United States Trustee's Fees.  They are not Impaired under the Plan and will be treated as follows:

16

**A.** **Administrative Claims.** All Administrative Claims against the Debtor shall be treated as follows:

1.      Time for Filing Administrative Claims. The holder of an Administrative Claim, to the extent such holder has not already done so, must file with the Court and serve on the Liquidating Trustee notice of such Administrative Claim within forty-five (45) days after the Effective Date.  Such notice must include at a minimum:  (i) the name of the holder of the Claim, (ii) the amount of the Claim and (iii) the basis of the Claim.  Failure to file this notice timely and properly shall result in the Administrative Claim being barred forever and discharged.

2.      Time for Filing Administrative Claims of Professionals.  Each Professional who holds or asserts an Administrative Claim incurred before the Effective Date, to the extent such holder has not already done so, must file with the Court and serve on the Plan Trustee and the Office of the U.S. Trustee a fee application that complies with the requirements of the Bankruptcy Code and Bankruptcy Rules within thirty (30) days after the Effective Date.  The failure to timely file such a fee application shall result in the Professional's Administrative Claim being barred forever and discharged.

3.      Allowance of Administrative Claims.  An Administrative Claim as to which notice has been properly filed and served shall become an Allowed Administrative Claim if no objection is filed within fourteen (14) days of the filing and service of the notice of such Administrative Claim. If an objection is timely filed, the Administrative Claim shall become Allowed only to the extent provided by a Final Order. An Administrative Claim held by a Professional as to which a fee application is timely filed and served shall become Allowed only to the extent allowed by a Final Order.

17

4.      Payment of Allowed Administrative Claims. Each holder of an Allowed Administrative Claim against the Estate shall receive in full satisfaction of such Claim the amount of such holder's Allowed Claim in cash on the Effective Date or as otherwise agreed by the parties.

5.      Priority Tax Claims. Each Holder of an Allowed Priority Tax Claim under Section 507(a)(8) of the Code, shall, in the discretion of the Liquidating Trustee, be paid (A) in installments consistent with the provisions of the Section 1129(a)(9)(C) of the Code, or (B) in full from Available Cash, on the later of (i) the Effective Date (or promptly thereafter); (ii) the date on which such Priority Tax Claim is allowed by Final Order of the Bankruptcy Court, or (iii) such later date as agreed to by the Holder of an Allowed Priority Tax Claim and the Liquidating Trustee, as the case may be.

6.      United States Trustee's Fees. The Liquidating Trustee shall pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) on the Effective Date or as soon as practicable thereafter.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

**A.      Generally.**

Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of the Classes of Claims against and Interests in the Debtor's Estate. A Claim or Interest is placed in a particular Class only to the extent that such Claim or Interest is an Allowed Claim or Allowed Interest in that Class and such Claim or Interest has not been paid, released, or otherwise settled or paid prior to the Effective Date. In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims of the kinds specified in Sections

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

507(a)(1) and 507(a)(8) of the Bankruptcy Code have not been classified, are deemed not to be Impaired and are treated as set forth in Article III above.

**B.**     **Classification.**

The Claims of all creditors against, and Holders of Interests in, the Estates under the Plan are classified as follows:

a.      Class 1:        Allowed Priority Claims.

b.      Class 2:        Allowed Secured Claims.

c.      Class 3:        Allowed Unsecured Claims.

d.      Class 4:        Debtor's interests.

Classes 2, 3 and 4 are impaired under the Plan. Class 1 is not impaired under the Plan. As such, Class 1 is deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code. In addition, Class 4 is deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code.  Accordingly, only Classes 2 and 3 are entitled to vote on the Plan.

**ARTICLE IV**

**TREATMENT OF CLASSES OF CLAIMS AND INTERESTS**

**A.**     **Class 1.  Allowed Priority Claims.** Each Allowed Priority Claim against the Debtor's Estate shall be paid in full on the later of: (i) the Effective Date (or promptly thereafter); or (ii) the date of a Final Order allowing such Priority Claim.

**B.**     **Class 2.  Allowed Secured Claims.** Each Allowed Secured Claim against the Estate shall be classified in a separate sub-class within this Class 2 and shall be satisfied by each Holder of an Allowed Class 2 Secured Claim receiving from the Estate one or more of the following: (i) the proceeds of the liquidation of the collateral securing such Allowed Secured Claim; (ii) return

19

of the collateral securing such Allowed Secured Claim in accordance with 11 U.S.C. §1129(b)(2)(A)(iii); or (iii) satisfaction of such Allowed Secured Claim as otherwise authorized by the Bankruptcy Code or agreed to by the Holder of such Allowed Secured Claim. Such satisfaction shall occur on the later of the Effective Date or the date each respective Class 2 Secured Claim is Allowed by a Final Order. Any portion of an Allowed Secured Claim that is not satisfied as part of its Allowed Class 2 Secured Claim shall be treated as an Allowed Class 3 Unsecured Claim pursuant to the term of this Plan.

**C.**    **Class 3.  Allowed Unsecured Claims.** Each Holder of an Allowed Unsecured Claim against the Debtor's Estate shall receive Distributions on a pro rata basis with the Holders of all Allowed Unsecured Claims in this Class 3.  The Distributions to the Holders of Allowed Unsecured Claims hereunder shall be made on each Distribution Date and shall be made from the Available Cash on deposit from time to time with the Debtor and/or the Liquidating Trust, as applicable in accordance with the terms of this Plan.  No Distribution shall be made to Holders of Allowed Unsecured Claims in this Class 3 unless and until all Allowed Administrative Claims, all Allowed Post-Confirmation Administrative Claims, all Allowed Priority Tax Claims and all Allowed Claims in Classes 1 and 2 have been paid in full, reserved or otherwise resolved, and/or included in or accounted for in the Distribution at issue.

**D.**    **Class 4.  Debtor's Interest.**  The Debtor shall be paid any surplus funds or property remaining after the satisfaction, pursuant to the Plan, of holders of Classes of 1-3 claims.

**ARTICLE V**

**EFFECTUATION AND IMPLEMENTATION OF PLAN**

**Please refer to the Disclosure Statement and to the Liquidating Trust Agreement attached as Exhibit "A" to the Disclosure Statement  for a comprehensive explanation of the nature,**

20

**composition, implications, powers, duties, and obligations provided for under the Liquidating Trust.**

On the Effective Date of the Plan, (i) all of the Debtor's and the Estate's Assets, Claims, and Causes of Action, shall vest in, and be transferred to, the Liquidating Trust,[2] excluding the Retained Assets.  Additionally, commencing on the Effective Date and continuing for the greater of: (a) a period of  60 consecutive months; or (b) or until such time as the present value of all Allowed Claims is paid in full, the Debtor shall transfer all of his Net Disposable Income to the Liquidating Trustee, to hold in the Liquidating Trust, which Liquidating Trust shall constitute, be appointed as and be deemed a representative of the Estate pursuant to and in accordance with the terms of Section 1123(b)(3)(B) of the Bankruptcy Code solely for the benefit of all Holders of Allowed Claims under the Plan with respect to, among other things, any Litigation Claims, and (ii) the Liquidating Trust, through the Liquidating Trustee, is and shall be authorized and appointed to investigate, prosecute, enforce, pursue and settle, and continue to investigate, prosecute, enforce, pursue and settle, the liquidation of such Liquidating Trust Assets, including Litigation Claims as a representative of the Estates pursuant to and in accordance with the terms of Section 1123(b)(3)(B) of the Bankruptcy Code solely for the benefit of all Holders of Allowed Claims under the Plan.

NOTWITHSTANDING ANYTHING IN THE PLAN TO THE CONTRARY, THE VESTING IN AND TRANSFER OF THE LIQUIDATING TRUST ASSETS TO THE LIQUIDATING TRUST SHALL BE FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS OF ANY KIND WHATSOEVER, EXCEPT AS EXPRESSLY PRESERVED AND PROVIDED FOR IN THE PLAN AND THE

---

[2]

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

CONFIRMATION ORDER.  FOR AVOIDANCE OF DOUBT, THE LIENS AND SECURITY INTERESTS OF SECURED CREDITORS, TO THE EXTENT ALLOWED UNDER AND PURSUANT TO CLASS 2 HEREIN SHALL SURVIVE CONFIRMATION OF THE PLAN SUBJECT IN ALL EVENTS TO THE TREATMENT OF THE CLASS 2 ALLOWED SECURED CLAIM OF SUCH SECURED CREDITORS.

Notwithstanding anything in the Plan to the contrary, confirmation of the Plan shall divest the Debtor of any and all right, title and/or interest in the Assets or the Liquidating Trust Assets, such that the Debtor shall not have any rights or authority in respect of any Assets or Liquidating Trust Assets vested in the Liquidating Trust.  Similarly, confirmation of the Plan will divest the Debtor of his rights to his Net Disposable Income for the greater of: (a) 60 months commencing on the Effective Date; or (b) until such time as the present value of all Allowed Claims are paid in full.

From and after the Effective Date, the Liquidating Trust, though the Liquidating Trustee, shall expeditiously seek to collect, liquidate, sell and/or reduce to Cash all Liquidating Trust Assets, including, without limitation, through the pursuit of the Litigation Claims.  The Plan and the Liquidating Trust will be initially funded with (a) the Debtor's monthly Net Disposable Income for a period no less than 60 months, commencing on the Effective Date, (b) the Debtor's and the Estate's Assets, including those scheduled as exempt and non-exempt, disclosed and undisclosed, but excluding the Retained Assets, and (c) funds added to Cash from and after the Effective Date from, among other things, the liquidation of the Liquidating Trust Assets.

The Liquidating Trustee under the Plan shall be Maria Yip. The Liquidating Trustee shall act in a fiduciary capacity for the Holders of all Allowed Unsecured Claims under the Plan and shall have only those rights, powers and duties conferred to her by the Plan and the Liquidating

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Trust Agreement, as well as the rights and powers of a trustee under sections 542 through 552 of the Bankruptcy Code and the duties of a trustee under sections 704(1),(2),(4),(5),(7) and (9) of the Bankruptcy Code.  The Liquidating Trustee shall hold all Liquidating Trust Assets in trust for the benefit of the Holders of Allowed Claims.

**A.    Disputed Claims Fund.**

On the Effective Date of the Plan, or as soon thereafter as possible, the Liquidating Trustee shall establish the Disputed Claims Fund.  The Liquidating Trustee shall be primarily responsible for making the Distributions to the Holders of Allowed Claims and Allowed Interests pursuant to the terms of the Plan, provided that the Disputed Claims Fund, if applicable, is maintained as well as sufficient funds to pay and reserve for all Post Confirmation Administrative Claims.

To the extent there exist as of the Effective Date Disputed Claims in any Class, the Liquidating Trust shall cause Cash to be reserved from any Distribution in an amount equal to the Pro Rata portion of such Distribution to which such Disputed Claim would be entitled if allowed in the amount asserted by the Holder of such Disputed Claim.  If a Disputed Claim is thereafter allowed, in part or in full, then the Liquidating Trustee shall, from Cash theretofore deposited into the Disputed Claim Fund allocable to such Claim, distribute to the Holder of any such Claim an amount equal to such Holder's pro rata share, based on such Allowed Claim, of all Distributions previously made to Holders of Allowed Claims in the Class of Claims at issue. The balance, if any, of the Cash reserved for such Disputed Claim, including in the event the Disputed Claim is disallowed in its entirety, shall be held by the Liquidating Trust. Notwithstanding anything herein to the contrary, no interest shall accrue or be payable on the Cash deposited into the Disputed Claims Fund in respect of any Disputed Claims.

23

**B.      Indemnity of Liquidating Trustee.**

The Liquidating Trust shall indemnify and hold the Liquidating Trustee harmless from and against any damages, costs, claims and other liabilities incurred in connection with her duties and responsibilities hereunder, other than those damages, costs, claims and other liabilities that result from their respective gross negligence, self-dealing, fraud, breach of fiduciary duty or willful misconduct.

**C.      Miscellaneous.**

Notwithstanding anything to the contrary in the Bankruptcy Rules providing for earlier closure of this Chapter 11 Case, when all Disputed Claims against the Estate have become Allowed Claims or have been disallowed by Final Order, and all remaining Liquidating Trust Assets have been liquidated and converted into Cash (other than those Liquidating Trust Assets abandoned), and such Cash has been distributed in accordance with the Plan, or at such earlier time as the Liquidating Trustee deems appropriate, the Liquidating Trustee shall file a final accounting with the Bankruptcy Court, together with a final report, and shall seek authority from the Bankruptcy Court to close this Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.  The Liquidating Trustee shall serve until such time as the entry of a Final Decree closing this Chapter 11 Case, at which time the Liquidating Trustee and the Post Confirmation Professionals engaged by her shall be discharged and shall have no further responsibilities under the Plan or otherwise in respect of this Chapter 11 Case and the Liquidating Trust.

**D.      Treatment of Claims and Injunctions.**

**Except as provided in the Plan or the Confirmation Order with respect to the rights of, and treatment afforded the Holders of Allowed Claims, as of the Effective Date, all**

Persons who have held, hold or may hold Claims, rights, causes of action, liabilities or any equity Interests with respect to the Debtor or his Assets based upon any act or omission, transaction or other activity of any kind or nature that occurred or arose prior to the Effective Date, regardless of the filing, lack of filing, allowance or disallowance of such a Claim or Interest and regardless of whether such Person has voted to accept the Plan and any successors, assigns or representatives of the foregoing, will be precluded and permanently enjoined on and after the Effective Date from, on account of such Claims, rights, causes of action, liabilities or any equity Interests: (1) commencing or continuing in any manner any action or other proceedings against the Liquidating Trust, the Liquidating Trustee and her Professionals, the Liquidating Trust Assets, the Plan Proponent and its Professionals; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Liquidating Trust, the Liquidating Trustee and her Professionals, the Liquidating Trust Assets, the Plan Proponent and its Professionals; (3) creating, perfecting or enforcing any lien or encumbrance against the Liquidating Trust, the Liquidating Trustee and her Professionals, the Liquidating Trust Assets, the Plan Proponent and its Professionals; (4) asserting against the Liquidating Trust, the Liquidating Trustee and her Professionals, the Liquidating Trust Assets, the Plan Proponent and its Professionals, a setoff, right or claim of subordination or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (5) commencing or continuing any action, in any manner, in any place that does not comply with or that is inconsistent with the provisions of the Plan.

**EHRENSTEIN CHARBONNEAU CALDERIN**

501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

**E.**     **No *Res Judicata* Effect.**

Notwithstanding anything to the contrary in the Plan or in the Disclosure Statement, the provisions of the Disclosure Statement and the Plan that permits the Liquidating Trust to enter into settlements and compromises of any Litigation Claims shall not have, and are not intended to have, any res judicata or collateral estoppel effect with respect to any Litigation Claims that are not otherwise identified or treated under the Plan and shall not be deemed a bar to asserting such Litigation Claims regardless of whether or to what extent such Litigation Claims are specifically described in the Plan or Disclosure Statement relating hereto. Unless any of the Litigation Claims are expressly waived, relinquished, exculpated, released, compromised or settled in the Plan or by Final Order of the Bankruptcy Court, all such Litigation Claims are expressly reserved and preserved for later adjudication and, therefore, no preclusion doctrine, including without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches, shall apply to such Litigation Claims upon or after Confirmation or consummation of the Plan.

Furthermore, notwithstanding any provision or interpretation to the contrary, nothing in the Plan or the Confirmation Order, including the entry thereof, shall be deemed to constitute a release, waiver, impediment, relinquishment or bar, in whole or in part, of or to any recovery rights or any other claim, right or cause of action possessed by the Debtor prior to the Effective Date. The Liquidating Trust, as applicable, shall have the authority to settle claims and litigation as provided in and in accordance with the Plan, provided that all such settlements shall be subject to the settlement standards imposed by Bankruptcy Rule 9019 and the standards set forth in *In re Justice Oaks II, Ltd*., 898 F. 2d 1544, 1549  (11th Cir. 1990).

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

## ARTICLE VI

## INJUNCTION AND OTHER LIMITATIONS OF LIABILITY

**A.**    **Applicability of Injunction/Stay as to Assets of the Estate/Exculpation.**

Unless otherwise provided herein, all injunctions or stays applicable to the Assets of the Estate, whether pursuant to Section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect with respect to the Liquidating Trust and the Liquidating Trust Assets.   In addition, the Liquidating Trustee shall have the right to invoke the provisions of the Bankruptcy Code made applicable by the Plan to the Liquidating Trust and all of the Bankruptcy Rules until the entry of a Final Decree closing this Chapter 11 Case.  In addition, the Plan does not release or waive any Litigation Claims.

Neither the Liquidating Trustee nor any of her respective agents, advisors, or Post Confirmation Professionals shall incur any liability to the Debtor, the Holders of Claims, the Holders of Interests or to any other Person or entity for any act or failure to act in furtherance of the rights and obligations under the Plan, except to the extent that such act or failure to act constitutes gross negligence, willful misconduct or fraud.

NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, IN NO EVENT SHALL ANY PROVISION OF THE PLAN OR THE PLAN ITSELF ACT AS, OR BE DEEMED TO BE, A RELEASE OF ANY LITIGATION CLAIMS.  FOR AVOIDANCE OF DOUBT, ANY AND ALL LITIGATION CLAIMS AND CAUSES OF ACTION SHALL BE FULLY PRESERVED AND TRANSFERRED TO THE LIQUIDATING TRUST.

## ARTICLE VII

## OBJECTIONS TO CLAIMS

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

Subject to further order of the Bankruptcy Court, the Liquidating Trustee will file objections to Claims when and as required by Rule 3007-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida or as provided by order of the Bankruptcy Court. The Liquidating Trustee shall have the authority to file, settle, compromise, withdraw, arbitrate or litigate to judgment objections to Claims pursuant to applicable procedures established by the Bankruptcy Code, the Bankruptcy Rules and this Plan. The failure of any party to object to any Claim or Interest for voting purposes shall not be deemed a waiver of the Liquidating Trustee's right to object to, or re-examine, any such Claim in whole or in part.

To the extent that an objection to a Claim is filed and remains unresolved as of the Effective Date, Distributions on such Disputed Claim shall not be made unless and until a Final Order is entered allowing such Disputed Claim or portion thereof.  The Liquidating Trustee shall account for all Disputed Claims at such time as she makes a Distribution under this Plan through the Disputed Claims Fund.  On the Effective Date, the Liquidating Trustee shall prosecute in the place of the Debtor any and all outstanding objections to Claims.

## ARTICLE VIII

## <u>EXECUTORY CONTRACTS AND LEASES</u>

All executory contracts and unexpired leases not previously assumed or rejected by the Debtor under Section 365 of the Bankruptcy Code with the approval of the Bankruptcy Court are hereby rejected by the Debtor as of the Effective Date.  The Confirmation Order shall constitute an Order of the Bankruptcy Court approving all such rejections hereunder as of the Effective Date.  Any Claim for damages arising from any such rejection must be filed within 30 days after the mailing of notice of the entry of the Confirmation Order or such Claim shall be forever barred, shall not be enforceable against the Debtor, the Debtor's Estate, the Liquidating Trustee,

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

the Liquidating Trust or any of the Assets of the Debtor's Estate and the Liquidating Trust Assets, and shall receive no Distribution under this Plan or otherwise on account of such Claim.

## ARTICLE IX

## DISTRIBUTIONS

**A.     Distributions Under the Plan.**

Subject to the terms of the Plan, all Distributions to be made on the Effective Date shall be made by the Liquidating Trustee from Available Cash, including the appropriate amounts to fund the Liquidating Trust. The Liquidating Trustee shall be responsible for making Distributions to Holders of Allowed Claims and Allowed Interests under this Plan after the Effective Date.  Distributions to any Holder of an Allowed Claim shall be allocated first to the principal portion of any such Allowed Claim, and, only after the principal portion of any such Allowed Claim is paid in full, to any portion of such Allowed Claim comprising interest (but solely to the extent that interest is an allowable portion of such Allowed Claim pursuant to this Plan or otherwise).  All payments shall be made in accordance with the priorities established in the Bankruptcy Code unless otherwise provided in this Plan or agreed to with the payee.

**B.     Delivery of Distributions in General.**

Distributions to Holders of Allowed Claims and Allowed Interests, if applicable, shall be made: (a) at the addresses set forth in the proofs of Claim filed by such Holders; (b) at the addresses set forth in any written notices of address change delivered to the Debtor prior to the Effective Date or the Liquidating Trust after the Effective Date; or (c) at the addresses reflected in the Schedules relating to the applicable Allowed Claim or Allowed Interest if no proof of Claim has been filed and the Debtor or the Liquidating Trustee has not received a written notice

29

of a change of address. Distributions to Holders of Allowed Interests, if any, shall only be made to Holders of Allowed Interests as of the Effective Date.

**C.      Cash Payments.**

Cash payments to be made pursuant to this Plan shall be made by checks drawn on a domestic bank or by wire transfer from a domestic bank, at the option of the Liquidating Trustee.

**D.      Interest on Claims.**

Unless otherwise specifically provided for in this Plan or the Confirmation Order or required by applicable bankruptcy law, Postpetition interest shall not accrue or be paid on Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.

**E.      No *De Minimus* Interim Distributions.**

Other than in the final Distribution, no payment of Cash in an amount of $100 or less shall be made on account of any Allowed Claim, except an Allowed convenience claim (to the extent that such Class is formed pursuant to a subsequently amended Plan), provided however, that interim Distributions in an amount of $100 or less shall accrue and be held by the Liquidating Trust until the final Distribution.   Notwithstanding anything herein to the contrary, if, after the final Distribution hereunder, the Collected Cash Accounts contain an amount less than $50.00, then such funds shall be treated as Unclaimed Property and disposed of in accordance with the provisions of this Plan.

**F.      Face amount.**

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

Unless otherwise expressly set forth herein with respect to a specific Claim or Class of Claims, for the purpose of the provisions of this Plan, the "face amount" of a Disputed Claim means the amount set forth on the proof of Claim unless the Disputed Claim has been estimated for distribution purposes or, in the alternative, if no proof of Claim has been timely filed or deemed filed, zero (0).

## G.    Failure to Negotiate Checks.

Checks issued in respect of Distributions under this Plan shall be null and void if not negotiated within ninety (90) days after the date of issuance.  Any amounts returned in respect of such non-negotiated checks shall be deemed Unclaimed Property.  Requests for reissuance of any such check shall be made in writing, directly to the Liquidating Trustee by the Holder of the Allowed Claim with respect to which such check originally was issued.  All such amounts that become Unclaimed Property and all Claims in respect of void checks and the underlying Distributions shall be forever barred, estopped and enjoined from assertion in any manner against the Liquidating Trustee, the Liquidating Trust and the Liquidating Trust Assets.

## H.    Unclaimed Property.

If any Distribution of funds pursuant to the Plan remains unclaimed for a period of ninety (90) days after it has been delivered to the Holder entitled thereto, then the amount of such Distribution unclaimed shall, except as set forth below, be deposited into the registry of the Bankruptcy Court in accordance with the procedures of the Bankruptcy Court for liquidating Chapter 11 case pursuant to Local Bankruptcy Rule 3011-1(B).

A Distribution of funds is unclaimed, if, without limitation, the Holder of a Claim entitled thereto does not cash a check or returns a check or if the check mailed to the Holder at the address set forth in the Debtor's Schedules or set forth in a proof of Claim filed by such Holder

31

is returned by the United States Postal Service or any other country's postal service as undeliverable. Any funds unclaimed for the period described herein shall be redistributed to Holders of Allowed Claims and/or Allowed Interests, as the Liquidating Trustee deems appropriate pursuant to her business judgment and reasonable discretion.

If, after the Liquidating Trustee's final Distribution, a redistribution of unclaimed property to Holders of Allowed Claims and/or Allowed Interests is not feasible and reasonable, due to the small amounts at issue, the Liquidating Trustee, may, in her sole discretion, donate such Unclaimed Funds to the American Bankruptcy Institute Endowment Fund or Southern District of Florida Bankruptcy Bar Foundation pursuant to Local Bankruptcy Rule 3011-1(B). Except as otherwise expressly provided in the Plan, the Liquidating Trustee may setoff or recoup against any Claim and the payments made pursuant to this Plan in respect of such Claim, Claims of any nature whatsoever that the Liquidating Trust may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trustee of any Claim that the Liquidating Trust may have against the Holder of such Claim.

Unless the Holder of a Claim advises the Liquidating Trust through its attorneys in writing of a change of address, all Distributions or notices shall be sent to the Holder at her address as stated in the Debtor's Schedules, as stated in a properly filed proof of Claim or to such creditor's attorney of record in this Chapter 11 Case. The Liquidating Trustee and the Post Confirmation Professionals shall have no obligation to locate the Holder of a Claim whose Distribution or notice is properly mailed but nevertheless returned.

**I.      No Payment or Distribution Pending Allowance.**

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

All references to Claims and amounts of Claims refer to the amount of the Claim allowed by operation of law, Final Order of the Bankruptcy Court or this Plan. Accordingly, notwithstanding any other provision in this Plan, no payment or Distribution shall be made on account of or with respect to any Claim to the extent it is a Disputed Claim, unless and until the Disputed Claim becomes an Allowed Claim.  No partial distributions will be made while an objection is pending to part or all of a Claim or Interest.

**J.    Disputed Distributions.**

If any dispute arises as to the identity of a Holder of an Allowed Claim who is to receive any Distribution, the Liquidating Trust may, in lieu of making such Distribution to such Holder, make such Distribution (or any amount estimated pursuant to Section 502(c) of the Bankruptcy Code) into the Disputed Claims Fund until the disposition thereof shall be determined by Final Order of the Bankruptcy Court or by written agreement among the interested parties to such dispute.

**K.    Estimation of Disputed Claims.**

In order to effectuate Distributions pursuant to this Plan and avoid undue delay in the administration of the Debtor's Estate, the Liquidating Trust shall have the right, at any time, to seek an order of the Bankruptcy Court, after notice and a hearing (which notice may be limited to the Holder of such Disputed Claim and which hearing may be held on an expedited basis), estimating a Disputed Claim pursuant to Section 502(c) of the Bankruptcy Code, irrespective of whether the Debtor or the Liquidating Trustee has previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. All of these objection and resolution procedures are cumulative and not necessarily exclusive of one another.

**L.    Compliance with Tax Requirements.**

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

In connection with this Plan and the Distributions made in accordance thereto, to the extent applicable, the Liquidating Trust shall comply with all tax withholding and reporting requirements imposed on it by any Governmental Unit and all Distributions pursuant to this Plan shall be subject to such withholding and reporting requirements. The Liquidating Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

**M.      Retain Books and Records.**

The Liquidating Trustee shall retain and preserve all books and records of the Debtor and give notice to all parties on the Master Service List before destroying or abandoning such records.

## ARTICLE X

## PROVISIONS TO INVOKE CRAMDOWN PROCEEDINGS IF NECESSARY

If all of the applicable requirements of Section 1129(a) of the Bankruptcy Code are met other than Paragraph 8 of said such section which requires that all Impaired Classes accept the Plan, HSBC will then seek confirmation pursuant to Section 1129(b) of the Bankruptcy Code, which is commonly referred to as the "cram down" provision. For the purposes of seeking Confirmation under the cram down provision of the Bankruptcy Code, should that alternative means of Confirmation prove to be necessary, HSBC reserves the right to modify or vary the terms of the Plan with regard to the Allowed Claims of any rejecting classes, so as to comply with the requirements of Section 1129(b).

## ARTICLE XI

## EFFECT OF CONFIRMATION AND DEBTOR'S DISCHARGE

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

When approved and confirmed by the Bankruptcy Court, the Plan shall be binding on the Debtor, all creditors, all parties in interest and their successors and assigns in accordance with Section 1141 of the Bankruptcy Code.

In addition, except as otherwise expressly provided in the Plan, all persons, entities and parties in interest who have held, hold or may hold Claims or Interests are permanently enjoined, from and after the Effective Date, from: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of such Claim against, or Interests in, the Debtor, the Debtor's Estate or the Liquidating Trust; (ii) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor, the Debtor's Estate, or the Liquidating Trust; (iii) creating, perfecting or enforcing any encumbrance of any kind against the Debtor, the Debtor's Estates, the Liquidating Trust or against the Assets or the Liquidating Trust Assets, property or interests in property of the Debtor, the Debtor's Estate or the Liquidating Trust, with respect to any such Claims or Interests; and (iv) asserting any defense or right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtor, the Debtor's Estate, the Liquidating Trust Estate or against the Assets, the Liquidating Trust Assets, property or interests in property of the Debtor, the Debtor's Estate or the Liquidating Trust, with respect to any such Claim or Interests.

Pursuant to Section 1141(d)(5)(A), the Debtor will only be discharged from any debt that arose before Confirmation of this Plan (excluding for which alternative provision has been made under the Plan) upon completion of all payments required under the Plan.

## ARTICLE XII

## AMENDMENT AND MODIFICATION

35

The plan proponent may alter, amend, or modify this Plan under Section 1127 of the Bankruptcy Code or as otherwise permitted at any time before the Confirmation Date. After the Confirmation Date and before the substantial consummation of this Plan, and in accordance with the provisions of Section 1127(b) of the Bankruptcy Code and the Bankruptcy Rules, the Liquidating Trust may, so long as the treatment of Holders of Claims under this Plan is not adversely affected, institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in this Plan, the Disclosure Statement, or the Confirmation Order and any other matters as may be necessary to carry out the purposes and effects of this Plan; provided, however, that prior notice of such proceedings shall be served in accordance with Bankruptcy Rule 2002.

## ARTICLE XII

## REVOCATION

The plan proponent reserves the right, at any time prior to the substantial consummation (as that term is defined in Section 1101(2) of the Bankruptcy Code) of this Plan, to revoke or withdraw this Plan.  If this Plan is revoked or withdrawn or if the Confirmation Date does not occur, this Plan shall be null and void and have no force and effect. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims or interests by or against the Debtor or any other Person, constitute an admission of any fact or legal conclusion by the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

## ARTICLE XIII

## RETENTION OF JURISDICTION

36

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain after the Effective Date exclusive jurisdiction of all matters arising out of, arising in or related to, the Chapter 11 Case to the fullest extent permitted by applicable law, including, without limitation, jurisdiction to:

(a)    determine all controversies and disputes arising under or in connection with the Plan and the Debtor's Estate, including but not limited to, all Litigation Claims.

(b)    allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest (whether filed before or after the Effective Date and whether or not contingent, disputed or unliquidated), including the compromise, settlement and resolution of any request for payment of any Administrative Claim or Priority Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the resolution of any dispute as to the treatment necessary to reinstate a Claim pursuant to this Plan, and to hear and determine any other issue presented hereby or arising hereunder, including during the pendency of any appeal relating to any objection to such Claim or Interest (to the extent permitted under applicable law);

(c)    grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for services provided on or before the Effective Date;

(d)    hear and determine motions, applications, adversary proceedings, contested matters and other litigated matters pending on, filed or commenced after the Effective Date, including the proceedings with respect to the rights and Claims of the Liquidating Trustee to recover property under Sections 542, 543 or 553 of the Bankruptcy Code, or to bring any Litigation Claims, or otherwise to collect or recover on account of any Claim or Litigation Claim;

37

(e)     determine and resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which any of the Debtor is a party or with respect to which the Debtor or the Debtor's Estates may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

(f)     ensure that all payments due under this Plan and performance of the provisions of this Plan are accomplished as provided herein, and resolve any issues relating to Distributions to Holders of Allowed Claims and/or Allowed Interests pursuant to the provisions of this Plan;

(g)     construe, take any action and issue such orders, prior to and following the Confirmation Date and consistent with Section 1142 of the Bankruptcy Code, as may be necessary for the enforcement, implementation, execution and consummation of this Plan and all contracts, instruments, releases, indentures and other agreements or documents that are part of the Liquidating Trust;

(h)     determine and resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation, implementation or enforcement of this Plan (and all Exhibits to this Plan) or the Confirmation Order, including the indemnification and injunction provisions set forth in and contemplated by this Plan or the Confirmation Order, or any Person's rights arising under or obligations incurred in connection therewith;

(i)     consider any modification of the Plan under Section 1127 of the Bankruptcy Code;

(j)     issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with consummation, implementation or enforcement of this Plan or the Confirmation Order;

(k)     enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

(l)      determine any other matters that may arise in connection with or relating to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document created in connection with this Plan, the Disclosure Statement or the Confirmation Order, except as otherwise provided in this Plan;

(m)     hear and determine any other matters related hereto and not inconsistent with chapter 11 of the Bankruptcy Code;

(n)      continue to enforce the automatic stay through the date of the final Distribution hereunder;

(o)      hear and determine: (i) disputes arising in connection with the interpretation, implementation or enforcement of this Plan and the Confirmation Order; or (ii) issues presented or arising under this Plan and Confirmation Order, including disputes arising under agreements, documents or instruments executed in connection with this Plan or the Confirmation Order;

(p)      shorten or extend, for cause, the time fixed for performance of any act or thing under this Plan or the Confirmation Order, on notice or ex-parte, as the Bankruptcy Court shall determine to be appropriate;

(q)      enter any order, including injunctions, necessary to enforce the title, rights and powers of the Liquidating Trust and/or the Liquidating Trustee to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary;

(r)      review any action taken or not taken by the Liquidating Trustee and to appoint a success or Liquidating Trustee, if necessary;

(s)      adjudicate any settlements pursuant to Bankruptcy Rule 9019, if required under this Plan or the Confirmation Order and all other matters contained herein;

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

(t)        enter a Final Decree closing the Chapter 11 Case or converting the case to a chapter 7 case; and

(u)        enter any orders necessary to effectuate the Confirmation Order and the Plan.

**Failure of Bankruptcy Court to Exercise Jurisdiction.** If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in or related to this Plan, the Confirmation Order or the Liquidating Trust, this Article shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

## ARTICLE XIV

## MISCELLANEOUS PROVISIONS

**A.        Substantial Consummation of Plan.**  For purposes of any future analysis regarding, inter alia, appellate issues, modification of Plan, administration of the Plan and jurisdiction of the Bankruptcy Court, this Plan shall be deemed substantially consummated upon the completion of the initial Distribution required under the Plan.

**B.        Confirmation Order Controls.**  To the extent the Disclosure Statement or any agreement entered into between or among the Liquidating Trust, the Liquidating Trustee or any third party, is inconsistent with the Plan, the Plan shall control.  To the extent that the Plan, the Disclosure Statement or any agreement entered into between or among the Liquidating Trust, the Liquidating Trustee or any third party, is inconsistent with the Confirmation Order, the Confirmation Order shall control.

**C.        Headings.** The headings of the Articles, paragraphs and subparagraphs herein are inserted for convenience only and shall not affect the interpretation of the Plan.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**D.     Successors and Assigns.**  This Plan and all of the provisions thereof shall be binding upon and inure to the benefit of the Debtor's Estate, the Liquidating Trust, the Liquidating Trustee, and all creditors and interested parties and their respective heirs, executors, administrators, successors and assigns.

**E.     Notices.** Any notice required or permitted to be provided under this Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) reputable overnight delivery service, freight prepaid.

**F.     Exemption from Taxes.** Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of any instrument of transfer under this Plan may not be taxed under any law imposing a stamp tax, or similar tax.

**G.     Binding Effect of Plan.**  The provisions of this Plan and the Confirmation Order shall be binding upon and inure to the benefit of the Debtor's Estate, any Holder of any Claim or Interest treated herein, any party in interests or any Person named or referred to in this Plan, and each of their respective heirs, executors, administrators, representatives, predecessors, successors, assigns, agent, officers and directors, and, as to the binding effect, to the fullest extent permitted under the Bankruptcy Code and other applicable law, each other Person affected by this Plan or Confirmation Order, provided however, that any and all Final Orders entered by the Court during this Chapter 11 Case, including but not limited to the Cash Collateral Orders and the Sale Orders, shall survive confirmation and remain enforceable in accordance with their terms.

**H.     Final Order.**  Except as otherwise expressly provided in this Plan, any requirement in this Plan for a Final Order may be waived by Plan Proponent or, after the Effective Date, the Liquidating Trust upon written notice to the Bankruptcy Court. No such waiver shall prejudice

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

the right of any party in interest to seek a stay pending appeal of any order that is not a Final Order.

**I.**      **Business Days.** If any payment or act under this Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**J.**      **Severability of Plan Provisions.** If prior to Confirmation any term or provision of this Plan that does not govern on appeal the treatment of Claims or Interests is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**K.**      **Governing Law.**  EXCEPT TO THE EXTENT THAT THE BANKRUPTCY CODE OR BANKRUPTCY RULES OR OTHER FEDERAL LAWS ARE APPLICABLE, AND SUBJECT TO THE PROVISIONS OF ANY CONTRACT, INSTRUMENT, RELEASE, INDENTURE OR OTHER AGREEMENT OR DOCUMENT ENTERED INTO IN CONNECTION WITH THIS PLAN, THE CONSTRUCTION, IMPLEMENTATION AND ENFORCEMENT OF THIS

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

PLAN AND ALL RIGHTS AND OBLIGATIONS ARISING UNDER THIS PLAN SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF FLORIDA, WITHOUT GIVING EFFECT TO CONFLICTS OF LAW PRINCIPLES WHICH WOULD APPLY THE LAW OF A JURISDICTION OTHER THAN THE STATE OF FLORIDA OR THE UNITED STATES OF AMERICA.

**L.**     **Filing of Additional Documents**.  On or before substantial consummation of this Plan, the Debtor shall issue, execute, deliver, and file with the Bankruptcy Court or record any agreements and other documents, and take any action as may be necessary or appropriate to effectuate, consummate and further evidence the terms and conditions of this Plan, including by making such supplemental disclosures or notices as any proponent deems useful.

**M.**     **Time.**  Unless otherwise specified herein, in computing any period of time prescribed or allowed by this Plan, the day of the act or event from which the designated period begins to run shall not be included. The last day of the period so computed shall be included, unless it is not a Business Day, in which event the period runs until the end of next succeeding day that is a Business Day. Otherwise, the provisions of Bankruptcy Rule 9006 shall apply.

**N.**     **Saturday, Sunday or Legal Holiday.** If any payment or act under this Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**O.**     **No Attorneys' Fees.**  No attorneys' fees will be paid by the Liquidating Trust with respect to any Claim or Interest, except as expressly specified herein or allowed by a Final Order of the Bankruptcy Court.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

**P.**     **Preservation of Rights of Setoff.** The Liquidating Trust may, but shall not be required to, set off against any Claim, and the payments or other Distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the Debtor's Estate may have against the Holder of such Claims; but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trust of any such claim that the Liquidating Trust may have against such Holder.

**Q.**     **Defenses with Respect to Unimpaired Claims.** Except as otherwise provided in this Plan, nothing shall affect the rights and legal and equitable defenses of the Liquidating Trustee with respect to any unimpaired Claim, including all rights in respect of legal and equitable defenses to setoffs or recoupments against unimpaired Claims.

**R.**     **No Injunctive Relief.** No Claim or Interest shall under any circumstances be entitled to specific performance or other injunctive, equitable, or other prospective relief.

**S.**     **Duties of Regulatory Agencies.** Nothing in the Disclosure Statement or in the Plan shall be construed to preclude a regulatory agency, such as the Securities and Exchange Commission or the Internal Revenue Service, from fulfilling its statutory duties.    Nothing in the Plan, Disclosure Statement or Confirmation Order shall discharge or release any person or entity from any right, claim, cause of action, power or interest held or assertable by the Securities and Exchange Commission

**T.**     **No Admissions.** Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed an admission by HSBC with respect to any matter set forth herein, including, without limitation, liability on any Claim or Interest or the propriety of any classification of any Claim or Interest.

44

**U.**      **Entire Agreement.** This Plan sets forth the entire agreement and undertakings relating to the subject matter hereof and supersedes all prior discussions and documents. HSBC shall not be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.

**ARTICLE XV**

**<u>CONCLUSION</u>**

The aforesaid provisions shall constitute the HSBC's Plan of Liquidation.  This Plan, when approved and confirmed by the Bankruptcy Court, shall be deemed binding on the Debtor and all creditors and all parties in interest and their successors and assigns in accordance with Section 1141 of the Bankruptcy Code.

This Plan of Liquidation is dated _____, 2013, and is hereby approved by the undersigned.

**HSBC Bank, N.A., by and through its agent, Attorney's Title Insurance Fund**

By:  _____

Name:  _____

Title:  _____

Submitted by:

_____*/s/ Jacqueline Calderin*_____

**Jacqueline Calderin, Esq.**
**Fl. Bar No.: 134414**
**Ehrenstein Charbonneau Calderin**
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T 305.722.2002      F 305.722.2001
E-Mail: jc@ecclegal.com
***Counsel for the Plan Proponent***

45
