IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ) Case No. 13-13096-PGH
    Jeffrey M. Siskind, ) Chapter 11
    Debtor. )
_____ )

## DEBTOR'S RESPONSE AND OBJECTION TO HSBC BANK USA, N.A.'S MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS & FOR SANCTIONS

COMES NOW the Debtor, Jeffrey M. Siskind, Pro Se, and responds to Creditor HSBC BANK USA, N.A.'s motion to compel Debtor to produce documents and for sanctions ("Motion") as follows:

1. Creditor filed its Motion in response to Debtor's motion for protective order [DE 100] prior to the hearing on Debtor's motion for protective order, in which Debtor's motion was granted in part.

2. Creditor's Motion was therefore filed in bad faith, inasmuch as the matter was not ripe at the time that the Motion was filed.

3. Creditor's Motion should also be found to be in bad faith because Creditor was fully insured by virtue of the title insurance policy covering Creditor's loan to Debtor which was issued to its predecessor in interest by Attorney's Title Insurance Fund.

4. Further, although Creditor seeks recovery against real property which it alleges is owned by Debtor, the avoidance of the transfer of the property from Debtor and Debtor's father on February 14, 2002 which restored partial ownership to Debtor's father invalidates Creditor's subsequent assertion of a secured interest in the property, and Creditor must therefore seek

recovery from Insurer in accordance with the terms of its title insurance policy. See Order of United States Bankruptcy Court for the District of Maryland; Case No. 02-65786-ESD, Adv. Proc. 04-2099, at Paragraph H (attached as "Exhibit A").

5. Creditor therefore lacks standing as a secured creditor.

6. The Court should strike any reference to 'mortgage fraud' and/or "fraudulent conduct" as unsubstantiated; no intent on the part of Debtor to defraud Creditor's predecessor in interest was alleged, nor could it have been since Debtor lacked knowledge of the Miriam Siskind Trust mortgage when the title policy which fully insures Creditor was issued; not can Creditor allege that any mishandling of said loan closing was anything other than error on the part of Debtor's office since the statute of limitations under which Creditor could have obtained relief has long since expired.

7. As an additional effort to discredit Debtor, Creditor included in its Motion an allegation that Debtor failed to disclose "approximately 60 additional assets and interests titled in his name..." although Creditor was already provided with information which disproved same by means of a responsive e-mail addressing each of said "interests titled in [Debtor's] name," most of which were entities in which Debtor possessed no interest whatsoever. The Court should recall that Debtor brought with it a copy of this e-mail (attached hereto as "Exhibit B") to the hearing on Debtor's motion for protective order.

8. Despite Creditor's allegation that it chose to notice Debtor for a Rule 2004 examination due to "discovery of the Mortgage Fraud and Undisclosed Assets," Creditor noticed same for the sole purpose of harassing Debtor; said examination was not necessary in order for Creditor to assert its claim in Debtor's bankruptcy.

9. Creditor should therefore be denied any relief.

10. Contrary to Creditor's allegation that Debtor failed to confer with Creditor prior to filing its motion for protective order, Debtor did indeed confer in good faith with Creditor prior to doing so. As stated above, Debtor had also already responded to numerous requests by Creditor.

11. As to Creditor's inference that its document request was not unduly burdensome or time-consuming, the Court has only to look at the transcript of Creditor's five (5) hour examination of Debtor, where only approximately half of the alleged 'Undisclosed Assets" were addressed by Debtor before Creditor abrogated the proceeding.

12. Debtor timely responded fully to Creditor's production request, which response included an assertion of attorney-client privilege by means of a categorized privilege log, a copy of which is attached hereto as "Exhibit C." Attached to said response were relevant documents.

13. Said privilege log is consistent with the requirements as demonstrated by the article Reducing Privilege Log Costs in Corporate Litigation, Verdict, ABA Section of Litigation, Summer, 2009, by David R. Singh and Alexander W.F. Ng., attached hereto as "Exhibit D."

14. Creditor's Motion contains scandalous allegations which the Court should strike for the reasons stated above, and because the purpose for the inclusion thereof was solely for the purpose of discrediting Debtor.

15. In the same manner, Creditor has proposed a plan of liquidation and submitted a disclosure statement which is prefaced by the same scandalous allegations, the purpose of which allegations is to mislead Debtor's other creditors.

15. Creditor's Motion should be DENIED because Debtor responded fully to Creditor's document request and appeared for examination, at which Debtor fully and frankly responded to each and every question posed by Creditor.

16. Creditors' request for sanctions should be DENIED because Creditor's Motion was premature, and because Debtor responded to Creditor's document request and dutifully submitted to examination.

17. The Court should sanction Creditor by requiring it to withdraw its proposed plan of liquidation and disclosure statement due to its wrongful inclusion of allegations that Debtor concealed assets which even a sixth grader could ascertain were not 'interests' of Debtor.

18. Creditor should be further sanctioned by being required to publish the reason for its being required to withdraw said proposed plan and disclosure statement as follows; "HSBC Bank USA, N.A. is required by the Court to withdraw its proposed plan of liquidation and disclosure statement as a sanction for including allegations that Debtor failed to disclose its interest in assets which HSBC knew or should reasonable have known were not in fact undisclosed by Debtor."

19. This sanction is not unduly prejudicial to Creditor in view of recently published action taken by the United States District Court for New York's Eastern District which recently approved a deal that allowing HSBC to pay a record $1.9 billion penalty to settle accusations that Creditor helped Mexican drug traffickers, Iran, Libya and others under U.S. suspicion or sanction move money around the world, which settlement is the largest penalty ever imposed on a bank, and requires court supervision of Creditor for five years.

20. The U.S. Justice Department's case maintained that HSBC's freewheeling failure to monitor itself (not so different from its apparently baseless allegations made against Debtor in this matter) allowed criminals and suspect countries, including Cuba, Myanmar and Sudan, to move hundreds of millions in prohibited transactions through U.S. financial institutions from the mid-1990s through 2006.

21. Finally, Creditor failed to attach to its Motion a certificate of service which would inform the Court that said Motion was properly served upon appropriate parties.

WHEREFORE, Debtor requests that Creditor's motion be denied and that Creditor be instructed to withdraw its proposed Plan and Disclosure Statement and to publish the reason for the Court's requirement that Creditor withdraw same, and that the Court DENY Creditor's Motion based upon Debtor's demonstrated compliance.

/s/ Jeffrey M. Siskind
Jeffrey M. Siskind
FBN 138746
525 S. Flagler Drive, Ste. 500
West Palm Beach, FL 33401
TEL   (561) 832-7720
FAX   (561) 832-7668
jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing paper was served by electronic notice via CM/ECF and by conventional U.S. Mail to relevant parties not registered thereon.

/s/ Jeffrey M. Siskind
Jeffrey M. Siskind
FBN 138746

# EXHIBIT A

Entered: July 08, 2008

Signed: July 07, 2008

**SO ORDERED**

I hereby certify that the foregoing is a true copy of the original thereof now on file in this office.

Dated this 23rd day of April, 2012

_____
Clerk, U.S. Bankruptcy Court
for the District of Maryland



_____
NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>WILLIAM L. SISKIND,<br><br>Debtor.<br>_____<br>GRAY & ASSOCIATES, LLC<br><br>Substituted Plaintiff,<br><br>v.<br><br>TRANSAMERICAN COMMERCIAL, LTD.<br><br>Defendant. | Case No. 02-65786-ESD<br>Chapter 11<br><br><br><br><br>Adv. Proc. 04-2099 |

**ORDER DENYING MOTION OF JEFFREY SISKIND TO VACATE ORDER GRANTING MOTION OF GRAY & ASSOCIATES, LLC FOR SANCTIONS AGAINST DEFENDANT TRANSAMERICAN COMMERCIAL, LTD. AND ENTERING JUDGMENT IN FAVOR OF GRAY & ASSOCIATES, LLC AND GRANTING MOTION OF LIQUIDATING TRUSTEE FOR RECONSIDERATION OF ORDER GRANTING MOTION OF PLAINTIFF GRAY & ASSOCIATES, LLC FOR SANCTIONS AGAINST DEFENDANT TRANSAMERICAN COMMERCIAL, LTD. AND ENTERING <u>JUDGMENT IN FAVOR OF PLAINTIFF GRAY & ASSOCIATES, LLC</u>**

Upon consideration of (a) the Motion of Jeffrey Siskind to Vacate Order Granting Motion of Gray & Associates, LLC for Sanctions Against Transamerican Commercial, Ltd. and Entering Judgment in Favor of Gray & Associates, LLC (the "Motion to Vacate") filed by Jeffrey Siskind

and the Opposition to the Motion to Vacate filed by the Liquidating Trustee Gray & Associates, LLC (the "Liquidating Trustee"); (b) the Motion Of Liquidating Trustee For Reconsideration Of Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC (the "Motion for Reconsideration") filed by the Liquidating Trustee, and the lack of any response thereto; and (c) the arguments raised at the hearing on the Motion to Vacate and Motion for Reconsideration which took place on June 10, 2008; it is by the United States Bankruptcy Court for the District of Maryland (Baltimore Division) hereby FOUND THAT

A. On August 7, 2007, the Liquidating Trustee filed the Motion to Compel against Transamerican requesting that Transamerican be compelled to respond to written discovery and appear at a deposition;

B. On December 10, 2007, this Court granted the Motion to Compel and ordered that Transamerican appear for deposition in 30 days and provide written discovery responses and produce documents by December 15, 2007 (the "Compel Order");

C. Transamerican failed to comply with the Compel Order, did not provide written discovery responses, produce documents or appear for a deposition;

D. On March 21, 2008, the Liquidating Trustee sent a letter to Transamerican regarding its failure to comply with the Compel Order;

E. Transamerican did not respond to the March 21st letter;

F. On March 25, 2008, the Liquidating Trustee filed the Motion for Sanctions requesting that judgment be entered against Transamerican for its failure to provide discovery and comply with the Compel Order;

G.   No party to this adversary proceeding, including Transamerican, filed a response to the Motion for Sanctions;

H.   On May 16th, this Court entered the Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC entered by this Court on May 16, 2008 [Docket No. 51] (the "Sanctions Order"). The Sanctions Order provided that judgment was entered in favor of the Liquidating Trustee against Transamerican and avoided the transfer of the real property located at 401 Carysfort Road in Key Largo, Florida by the Debtor William L. Siskind (the "Debtor") and Jeffrey Siskind to Transamerican (the "Transfer") on February 14, 2002, which was recorded with the Land Records of Monroe County, Florida on March 11, 2002. This Court struck without prejudice the entry of a monetary judgment in favor of the Liquidating Trustee against Transamerican for this Transfer;

I.   The Liquidating Trustee filed the Motion Of Liquidating Trustee For Reconsideration Of Order Granting Motion Of Plaintiff Gray & Associates, LLC For Sanctions Against Defendant Transamerican Commercial, Ltd. And Entering Judgment In Favor Of Plaintiff Gray & Associates, LLC (the "Motion for Reconsideration") requesting that this Court enter a monetary judgment in favor of the Liquidating Trustee against Transamerican for the transfer;

J.   Jeffrey Siskind filed the Motion of Jeffrey Siskind to Vacate Order Granting Motion of Gray & Associates, LLC for Sanctions Against Transamerican Commercial, Ltd. and Entering Judgment in Favor of Gray & Associates, LLC (the "Motion to Vacate"). The Liquidating Trustee filed an opposition to the Motion to Vacate;

K.  On June 10, 2008, this Court held a hearing on the Motion for Reconsideration and Motion to Vacate.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

A.  The Motion to Vacate is DENIED;

B.  The Motion for Reconsideration is GRANTED;

C.  Judgment is entered in favor of the Plaintiff and against Transamerican for the Transfer, the amount of which Judgment (plus interest at the legal rate from the date of the Transfer together with any costs of this action) shall be determined at a subsequent damages hearing to be scheduled by this Court;

D.  Except as expressly provided in this Order, the terms of the Sanctions Order remain in full force and effect as of the date the Sanctions Order was entered; and

E.  This Court shall schedule a hearing on damages.

**END OF ORDER**

BALT1\4436794.1

4

# EXHIBIT B

# RE: Siskind - Response to Subpoena Duces Tecum Document Production Request

From: **Jeffrey Siskind** (jeffsiskind@msn.com)
Sent: Mon 10/28/13 9:41 AM
To: Jacqueline Calderin (jc@ecclegal.com); siskindlegal@gmail.com (siskindlegal@gmail.com); Jeffrey Siskind (jeffsiskind@msn.com)
Cc: Robert P. Charbonneau (rpc@ecclegal.com); Matthew Petrie (map@ecclegal.com); Eileen Cala (ecala@ecclegal.com); Jacquelyn Betancourt (jbetancourt@ecclegal.com)

Please find below my responses to items 1 through 63, inclusive, of your document production request no. 5. I already responded to requests 1-4. In addition, these responsees to request no. 5 should suffice to be deemed to be responsive to items 8, 9, 10 and 12. In response to request no. 6, I do not possess any savings account or mutual account records. I do not possess any records which are responsive to request no. 7. I need to discuss with you the amount of time needed to respond to your additional requests after you have had a chance to review these responses.

DOCUMENT REQUEST NO. 5:

1. Transamerican Comercial, Ltd. is an offshore company which I believe was established approximately 25 years ago to manage the affairs of my father's trust. At one point, I believe that the company held title to a defunct race track property in New Mexico. I recently learned that the company lapsed some years ago. I have never seen a tax return for this entity.
2. 341 53rd Street Trust is a trust which I established to hold title to a recently acquired duplex in West Palm Beach, Florida. The trust has not received any income, and no tax returns were filed for this entity.
3. I am not aware of any interest which I have in an entity named 226 Marina Bay Trust. This may have been an entity which I created for a client.
4. Second Siskind Family Trust is an entity which I created, and which I believe holds title to a 1981 Cadillac. The trust is not required to file any tax returns.
5. 1-800-Serve-Em, Inc. is an entity which is located at my office address. I am not aware of any association which I have with that entity other than serving as its counsel.
6. Hailey Acquisitions, LLC is an entity which belongs to a client, and in which I do not possess an interest.
7. TP5, LLC is a Florida limited liability company which was established in 2007 and is wholly owned by me. Income for this entity, for which I serve as resident agent, President, Vice President and as a director, were included on my personal tax returns, on Schedule C.
8. In The Weeds Productions, LLC, for which I serve as registered agent and managing member, was established in 2012. There was no requirement to file a tax return in 2012.
9. Downtown Bike Taxi, Inc. is an entity which may be located at my office address, and with which I don't believe I have any association whatsoever.
10. Aviatat, LLC, for which I serve as registered agent, was formed in 2013 and has never filed a tax return.
11. Florida's Association of Community Banks and Credit Unions, Inc., for which I serve as registered agent and President, was established in 2012 but was not required to file a tax return.
12. Sympatico Equine Rescue, Inc., for which I serve as registered agent and President, was established in 2013 and has never filed a tax return.

13. I have no recollection whatsoever of an entity named Lake View heights/Pine Crest Cemetery Neighborhood Association, Inc.

14. Stars and Stripes Foundation for Pro Bono Legal Support, Inc., fro which I served as registered agent and President, was established in 2006, but lapsed on September 26, 2008. The entity was never required to file a tax return.

15. Palm Beach Jewelry and Antique Center, Inc. was established for a client, and I have no interest in this entity.

16. Siskind Legal Services, LLC is a lapsed Florida limited liability company which was wholly owned by me and with which I operated my law firm. Revenues and expenses for this entity were reported on my personal tax return on Schedule C.

17. PC Alan Nash, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

18. PC Surfside Beach, LLC is/was an entity which I may have established for a client, but with which I never held an interest, now hold no interest and for which I have never seen a tax return.

19. PC Balto Sag, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

20. PC Carlyle Deco, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

21. PC Four Eleven, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

22. Radius Twelve Zero Three, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

23. Radius PHL Two, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

24. PC Three Zero three, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

25. PC Eighteen Sixteen, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

26. Operate (sic Opera) Place Residential Holdings, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

27. 1831 N. Dixie, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

28. Siskind Legal Solutions of South Florida, LLC was established to provide 'packaged' legal services in 2005, but lapsed on September 26, 2008. This entity, for which I served as registered agent and member/manager, never received any income.

29. Legacy Holdings - MI, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

30. Boca Bay Development Group I, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

31. Fiore 7102, LLC was established to hold title to a residential condominium which is located in Palm Beach Gardens, Florida. The entity never realized any income, lapsed on September 14, 2007, and was not required to file any tax returns. I served as registered agent.

32. Intelligent Title Solutions of South Florida, LLC was established in 2006 but lapsed on September 14, 2007. I served as registered agent for this entity, and do not possess any tax returns for same.

33. Duvall, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

34. Jurismortgage Practice Resources, LLC was established in 2006 to provide mortgage products to

law firms. The entity, which lapsed on September 14, 2007, never realized any income and was not required to file any tax returns. I served as registered agent for this entity.

35. Collective Management Associates, LLC was established in 2009 to manage an agricultural facility located in California, and for which I served as resident agent and manager. Although the entity lapsed on September 23, 2011, it produced and filed tax returns and I received K-1s which, if required, were included with my personal tax returns. You were provided with my personal tax returns in response to your production request on Friday, October 25, 2013.

36. Collective Management Consultants, LLC was established in 2009 to manage other agricultural facilities but which was never utilized, lapsed on September 24, 2010, never earned income and was never required to file tax returns. I served as registered agent for this entity.

37. Castle Assets, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

38. Panga Properties, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

39. Foundation for the Study and Treatment of Blood-Borne Viral and Bacterial Diseases, Incorporated was established in 2002 and lapsed on September 16, 2005. At about that time, I believe that this entity for which I served as registered agent and a director stopped doing business.

40. Miami First Fridays, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

41. Poinciana Title Company was established in 2001 but lapsed on October 4, 2002. At about that time, I believe that this entity for which I served as registered agent and a director stopped doing business.

42. Portfolio Investment Properties, Inc., fro which I served as registered agent and as a director, was established in 2001 but lapsed on October 4, 2002.

43. My 1031 Exchange, Inc. was established in 2003, but lapsed on October 1, 2004. I served as registered agent.

44. Finn Distributing, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

45. Consolidated Engineering of Florida, Inc. was established I 2003, but lapsed on October 1, 2004. I served as registered agent and as a director. Although I believe that it conducted business, I have never seen a tax return for this entity.

46. Waterhouse Real Estate Brokers, Inc. was established in 2005 but lapsed on September 26, 2008, before which I believe that the entity ceased doing business. I served as President, Secretary, Treasurer and as a director, but I am unable to locate records for this entity.

47. Poinciana Processing, Inc. was established in 2006, but lapsed on September 26, 2008, before which I believe that the entity ceased doing business. Although I served as Chairman, I was not able to locate any records for this entity.

48. International Marketing Management Corporation is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

49. Virgin Olive Restaurants, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

50. Tami, Incorporated is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

51. Rezza Properties, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

52. TP3, LLC was a Florida limited liability company wholly owned by me which I established in 2005, and which lapsed on September 26, 2008. This entity held title an office condominium unit in West Palm Beach, Florida, and its revenues and expenses were included on my personal tax return, on

Schedule C.

53. Liquidation Auto, LLC is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

54. JXL International, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

55. JXL Communications Corp. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

56. Law Center of the Palm Beaches, Inc. was established in 2002, but lapsed on October 4, 2002. I served as registered agent and as a director.

57. Patriot Residential Properties, Inc. was established in 2002. The entity, for which I served as registered agent and as a director, lapsed on September 19, 2005, but may have continued to do business until 2005.

58. Tony Moorer Kevin Kendrick Promotions, Inc. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

59. Kanaris Corp. is/was an entity which I may have established for a client, but with which I have never held an interest, now hold no interest and for which I have never seen a tax return.

60. Hopkins Tanning, Inc. was a former business which I established in Baltimore, Maryland and which has not been in business for more than 20 years.

61. Crimson Construction, Inc. was a former business which I established in Baltimore, Maryland and which has not been in business for more than 20 years.

62. Tradewind Charters, Inc. was a former business which I established in Annapolis, Maryland and which has not been in business for more than 20 years.

63. Law Office of Jeffrey Siskind, a/k/a Siskind Legal, refers to my law practice which is located in West Palm Beach, Florida. Income earned by the office is included in my personal tax return on Schedule C.

Law Office - Jeffrey M. Siskind Trump Plaza Professional Building 525 South Flagler Drive, Suite 500, West Palm Beach, Florida 33401 Tel. (561) 832-7720 Fax (561) 832-7668

From: jc@ecclegal.com
To: jeffsiskind@msn.com
CC: RPC@ecclegal.com; MAP@ecclegal.com; ECala@ecclegal.com; JBetancourt@ecclegal.com
Subject: RE: Siskind - Motion to Compel
Date: Fri, 25 Oct 2013 20:24:07 +0000

Mr. Siskind, whom did you try to reach? Our reception desk is covered by 2 receptionists from 8:00 to 5:30 pm. and we have overflow coverage from 7 staff members when those lines are busy. Based on your response below, I will wait until noon Monday for your response. Thank you.

## Jacqueline Calderín

Attorney

**EHRENSTEIN CHARBONNEAU CALDERIN**

Attorneys at Law

501 Brickell Key Drive

Third Floor

Miami, Florida 33131

T 305.722.2002

F 305.722.2001

www.ecclegal.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

**From:** Jeffrey Siskind [mailto:jeffsiskind@msn.com]
**Sent:** Friday, October 25, 2013 4:19 PM
**To:** Jacqueline Calderin
**Cc:** Robert P. Charbonneau; Matthew Petrie; Eileen Cala; Jacquelyn Betancourt
**Subject:** RE: Siskind - Motion to Compel

I tried to reach someone by phone without success in response to your e-mail below. My office is scanning and will forward the requested tax returns to you today. I will review the 'entity list' over the weekend and provide you with responses as to which, if any, of these entities ought to have been reported. This will take the entire weekend because I will need to check Sunbiz and perhaps elsewhere for information on some of these entities. I reviewed and will respond to your production requests (and furnish my objections and privilege assertions) in detail in accordance with a schedule which I can compile over the weekend for your review on Monday if that is acceptable to you. Finally, the assertion in your draft motion to compel as to my not conferring with you is incorrect; I had advised the attorney from your office who examined William Siskind that I would not be able to respond to your extensive document requests by this morning's deadline. And I obviously take exception to the fraud allegations contained in the initial paragraphs of your draft motion.

Law Office - Jeffrey M. Siskind Trump Plaza Professional Building 525 South Flagler Drive, Suite 500, West Palm Beach, Florida 33401 Tel. (561) 832-7720 Fax (561) 832-7668

From: jc@ecclegal.com
To: jeffsiskind@msn.com
CC: RPC@ecclegal.com; MAP@ecclegal.com; ECala@ecclegal.com; JBetancourt@ecclegal.com
Subject: FW: Siskind - Motion to Compel
Date: Thu, 24 Oct 2013 20:58:43 +0000

Dear Mr. Siskind:

Attached please find our Motion to Compel Production and request for sanctions. We would like to discuss your objections to production so that we can try to work this out and obviate the need for us filing this document. Please advise of a time between now and end of business tomorrow when you are available to discuss. Alternatively, we are left with no choice but seek the Court's intervention.

Thank you for your attention to this matter.

Very truly yours,

**Jacqueline Calderín**

Attorney

**EHRENSTEIN CHARBONNEAU CALDERIN**

Attorneys at Law

501 Brickell Key Drive

Third Floor

Miami, Florida 33131

T. 305.722.2002

F. 305.722.2001

www.ecclegal.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

---

**From:** Eileen Cala
**Sent:** Thursday, October 24, 2013 4:20 PM
**To:** Jacqueline Calderin
**Subject:** Siskind - Motion to Compel

Jacqui,

See attached.

**Eileen Cala**

**Legal Assistant**

**EHRENSTEIN CHARBONNEAU CALDERIN**

Attorneys at Law

501 Brickell Key Drive

Suite 300

Miami, Florida 33131

T. 305.722.2002

F. 305.722.2001

www.ecclegal.com

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.