UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                  :        CHAPTER 11
                                        :
JEFFREY SISKIND,                        :        CASE NO. 13-13096-PGH
                                        :
    Debtor.                             :

**UNITED STATES TRUSTEE'S OBJECTIONS TO
DISCLOSURE STATEMENT FILED BY HSBC BANK, N.A.**

The United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), submits the following objections to the disclosure statement and proposed plan filed by HSBC Bank, NA in the above-styled Chapter 11 proceedings.

Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court to specifically find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors.  Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . "

In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement "as containing adequate information," and convert the case to Chapter 7.

1

OBJECTIONS

1. The Debtor filed a monthly operating report for October 2013 however; the information attached is for September 2013.

2. The proponent has not attached any monthly operating reports indicating the Debtor's financial progress during the Chapter 11. Without such information, the viability of the proposed plan is an issue.

3. The Debtor is not current with filing his periodic financial reports, which are required to be filed every 6 months post-petition. Without current financial information, parties cannot determine that viability of the proposed plan.

4. Page 9 of 58 of the disclosure statement states that Class 2 claimants are impaired and will receive ballots. Page 14 of 58 states that Class 2 claimants are NOT impaired and are deemed to have accepted the plan. Page 16 of 58 states that Class 2 is impaired and will receive a ballot. Further clarification is required.

5. The disclosure statement states that Class 3 creditors will receive nothing and therefore are not entitled to vote (page 16 of 58). However, the disclosure statement also states that "Plan Proponent proposes to satisfy all Class 3 Allowed Claims in full from liquidation [sic] the Debtor's exempt and non-exempt assets as well as through distributions of Net Disposable Income" (page 22 of 58). Further down on this page, Class 3 is not mentioned. The U.S. Trustee submits that Class 3 creditors should be entitled to vote on confirmation of the proposed Plan.

6. The U.S. Trustee submits that, if the Plan is confirmed, the Plan Proponent or Liquidating Trustee should request the Court set a Bar Date for administrative expense claims. It is

likely that some of these potential claimants will not receive the disclosure statement and therefore will not have knowledge of the deadline set therein.

7. The disclosure statement uses the terms "Liquidating Trustee" and "Plan Trustee." The Plan Proponent should be consistent and use the same term throughout the pleadings.

8. The U.S. Trustee does not understand why the Plan Proponent would pay claims on behalf of the Liquidating Trustee without prior Court approval.

9. Page 22 of 58 states that both Class 4 is impaired and that it has been deemed to reject the Plan.

10. Page 22 of 58 defines Class 3 claims as "allowed claims" and Class 4 claims as "Mariam Siskind Trust." First, it is unclear from this statement if "allowed claims" are secured or unsecured. Second, pages 27 and 28 state that Class 3 claims belong to the Miriam Siskind Trust and Class 4 claims belong to "Allowed Unsecured Claims."

11. The disclosure statement should provide the sub-classes of the Class 2 claims.

12. The disclosure statement appears to state that Class 2 claimants may be paid from proceeds of wholly unsecured assets before general unsecured creditors receive proceeds. To the extent the Plan Proponent is making this suggestion, the U.S. Trustee objects.

13. Page 41 refers to multiple cases.

14. To date, a Liquidation Analysis has not been filed. The U.S. Trustee reserves the right to file objections to this document on it is filed.

15. The disclosure statement provides absolutely no information regarding future income of the Debtor and cannot establish that the Debtor is capable of supporting the proposed plan payments. No projections are attached to the disclosure statement.

16. The disclosure statement fails to contain sufficient information and projections relevant to the creditors' decision to accept or reject the proposed plan.

17. Due to the fact the Plan Proponent seeks to liquidate the Debtor's assets, the U.S. Trustee submits that more information is needed to establish that the creditors will receive more in a Chapte11 rather than a Chapter 7 proceeding, especially considering the fact that the Debtor appears to not have any disposable income at the end of each month.

18. The Debtor has filed an application to employ counsel due to some potential litigation. All outstanding litigation or information about assets should be discussed in more detail.

WHEREFORE, the United States Trustee shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgment concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, unless the necessary changes are made to correct the deficiencies set forth above, and further moves this case to be converted to Chapter 7 or dismissed. See generally, In re: Metrocraft Publishing Services, Inc., 39 B.R. 567 (Bankr. N.D.Ga. 1984).

GUY G. GEBHARDT
Acting United States Trustee

___/s/_____
HEIDI A. FEINMAN
Trial Attorney
Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO HSBC BANK NA'S DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system to the following parties.

| | |
|---|---|
| John C. Brock | bkfl@albertellilaw.com |
| Jacqueline Calderin | jc@ecclegal.com, bankruptcy@ecclegal.com; nsocorro@ecclegal.com; ecala@ecclegal.com; jbetancourt@ecclegal.com |
| Samantha Carr | sacarr@logs.com , electronicbankruptcynotices@logs.com |
| Robert P. Charbonneau | rpc@ecccounsel.com, nsocorro@ecclegal.com; ecala@ecclegal.com; bankruptcy@ecclegal.com; jbetancourt@ecclegal.com |
| Stephen P. Drobny | sdrobny@joneswalker.com, rbruckmann@joneswalker.com ; tsnow@joneswalker.com |
| Jed L Frankel | jfrankel@eisingerlaw.com, sorta@eisingerlaw.com |
| Daniel L. Gold | dgold@ecccounsel.com, bankruptcy@ecclegal.com, nsocorro@ecclegal.com; ecala@ecclegal.com, jbetancourt@ecclegal.com |
| Nicole M Grimal | ng@ecclegal.com, nsocorro@ecclegal.com; bankruptcy@ecclegal.com; ecala@ecclegal.com; jbetancourt@ecclegal.com |
| Kevin L Hing | khing@logs.com, electronicbankruptcynotices@logs.com |
| Anthony Kang | akang@arnstein.com |
| Theresa M Lemme | tml@stjohnrossin.com, linda@stjohnrossin.com |
| Larry M Mesches | lmesches@kmjlawgroup.com, lhollywood@kmjlawgroup.com |
| Steven G. Powrozek | spowrozek@logs.com, electronicbankruptcynotices@logs.com |
| Jeffrey M Siskind | jeffsiskind@msn.com, siskindlegal@gmail.com |

I hereby certify that I am admitted to the Bar of the State of Florida and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

DONE this the 4th day of December, 2013.

_____/s/_____
HEIDI A. FEINMAN
Trial Attorney

5