## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE: | ) | Case No. 13-13096-PGH |
|     Jeffrey M. Siskind, | ) | Chapter11 |
|     Debtor. | ) |  |
| _____ | ) |  |

### DEBTOR'S OBJECTION TO HSBC BANK USA, N.A.'S PROPOSED DISCLOSURE STATEMENT AND LIQUIDATING PLAN AND FOR SANCTIONS

COMES NOW the Debtor, Jeffrey M. Siskind, and objects to HSBC Bank USA, N.A.'s ("HSBC") proposed disclosure statement and liquidating plan and requests sanctions for the reasons which follow:

1.      HSBC's proposed disclosure statement is a sham pleading, within which HSBC claims that Debtor failed to disclose its interest in more than sixty entities in order to mislead creditors

2.      Said action by HSBC was intended to advantage HSBC, and was taken despite Debtor's full cooperation and full disclosure as to these alleged interests.

3.      Prior to the filing of this false pleading by HSBC, Debtor provided HSBC with a full written explanation of the 'discovered' entities which HSBC alleged that Debtor failed to disclose.

4.      From Debtor's prior disclosure, HSBC could readily ascertain that Debtor's schedules and disclosure statement were truthful and complete, contrary to HSBC's baseless allegations.

5.      Nevertheless, in an effort to discredit Debtor, HSBC repeated the same allegations which it had previously made in its motion to compel discovery, namely that Debtor had failed to

disclose some sixty-plus entities in which Debtor has an interest.

6.      In Debtor's examination conducted pursuant to Rule 2004, Debtor explained its connection or lack thereof as to each of the 'discovered entities,' before HSBC requested continuance of the deposition in order to 'discuss settlement.'

7.      HSBC could readily discern from Debtor's testimony that Debtor did not fail to disclose a single interest, contrary to the allegations contained in HSBC's proposed disclosure statement.

8.      HSBC's proposed disclosure statement and liquidating plan are further intended to mislead Debtor's unsecured creditors by inferring that unsecured creditors will receive distributions when in fact no creditor will ever receive any distribution whatsoever as a result of administrative expenses which would result to Debtor's estate (fees payable to the proposed liquidating trustee and her hired professionals) which will exceed any monetization of Debtor's assets.

9.      For this reason, HSBC failed to include a liquidation analysis or any other basis upon which an unsecured creditor could base a decision as to whether to approve HSBC's proposed plan.

10.      Debtor submits that HSBC is not even qualified to propose any plan, inasmuch as its total potential loss is insured, and HSBC can recover 100% of any loss without the need to obtain funds from Debtor's estate which would otherwise be available to pay over to Debtor's unsecured creditors.

11.      HSBC wrongfully failed to disclose the amount of its recovery which it can obtain from a source other than Debtor's estate due to its insurance coverage.

12.      HSBC's ability to recover in full from others will result in its loss of standing to

propose any plan, and Debtor's other creditors should informed that HSBC's decision not to so recover from others at the expense of Debtor's unsecured creditors makes HSBC an unsuitable plan proponent.

13.     HSBC's purposeful failure to so disclose its option to recover from a source other than Debtor's estate amounts to a fraud upon Debtor's other creditors, and further demonstrates HSBC's unsuitability as a plan proponent.

14.     As a result of HSBC's false allegations concerning the Debtor, which allegations were made knowingly and recklessly, any HSBC role in debtor's bankruptcy other than that of an unsecured creditor on par with Debtor's other unsecured creditors would be tainted.

15.     HSBC's desired role is further tainted by HSBC's own wrongful acts, namely the fact that Debtor qualified for a modification of its mortgage which was acquired by HSBC after making seven timely trial payments, but was refused said modification without explanation.

16.     Moreover, as discussed in objections to HSBC's proposed disclosure statement and liquidating plan presented by several of Debtor's other creditors, HSBC has failed to provide sufficient information upon which HSBC can project the amount of any possible distribution to Debtor's creditors.

17.     Debtor submits that HSBC's failure to provide said information is intentional, ant that the purpose therefore is to keep Debtor's other creditors 'in the dark' as to the feasibility of HSBC's plan.

18.     HSBC's plan is in fact unfeasible, as demonstrated by HSBC's proposal that Debtor fund a liquidating trust for a period of five years after HSBC has liquidated all of Debtor's assets, including exempt assets, with any and all disposable income over $3,000 per month.

19.    HSBC's plan fails to consider that absent some advantage to Debtor in consideration for doing so, Debtor may decide to simply retire or to work less than full time when working more strenuously would not result in any advantage to Debtor or Debtor's family.

20.    Debtor submits that it is apparent that absent Debtor's future contributions of excess income, Debtor's estate will lack funds to pay any fees incurred by any plan administrator or trustee, or professionals hired to assist in administering a liquidation of Debtor's assets.

21.    Also, despite inclusion on Debtor's schedules and/or Statement of Financial Affairs, HSBC's proposed disclosure statement and liquidating plan knowingly fail to recognize Debtor's other secured creditors, and the extent that their secured interests impair any possible recovery on behalf of Debtor's unsecured creditors.

22.    HSBC has also ignored Debtor's lawful exemptions, and Debtor objects to any proposed disclosure statement of plan which does so.

23.    HSBC falsely alleges that Debtor has a relationship with the Miriam M. Siskind Trust and wrongful actions by said Trust which would permit subrogation of the Trust's first mortgage claim against the Key Largo property, although HSBC knows by means of discovery it received from others that its allegations are false.

24.    HSBC further alleges "significant misrepresentations"' made by Debtor "through the [Miriam M. Siskind] Trust" which HSBC knows by means of discovery it received from others are false.

25.    The breadth of HSBC's knowingly false allegations and false inferences contained within its proposed disclosure statement and liquidating plan make it unsuitable plan proponent.

26.    Further, the fact that HSBC intentionally asserted said falsehoods and false

inferences in order to wrongfully influence and in fact defraud Debtor's other creditors is sanctionable.

27.     Debtor submits that the appropriate sanction for such egregious misrepresentations is the cancellation of HSBC's $1,000,000 claim and preclusion of HSBC as a plan proponent; however HSBC would likely not be burdened by said sanction due to its being insured for any loss.

28.     Therefore the Court should instead assess a penalty against HSBC equal to the amount of its $1,000,000 claim in favor of Debtor's estate, which penalty should be used to pay Debtor's unsecured creditors who would otherwise have been misled by HSBC's misrepresentations.

29.     The Court should also require HSBC to advise Debtor's secured creditors that HSBC's proposed liquidating plan, as currently written, may threaten their secured status.

30.     Finally, the Court should determine that HSBC's proposed disclosure statement and liquidating plan were filed prematurely due to the actions of HSBC; by choosing to continue Debtor's rule 2004 examination, HSBC precluded itself from obtaining information which it required to adequately disclose Debtor's financial ability to pay its creditors.

WHEREFORE, Debtor requests that the Court deny approval of HSBC's proposed disclosure statement and liquidating plan, and that the Court determine and assess appropriate sanctions against HSBC for making knowingly misrepresentations to Debtor's other creditors, which representations HSBC intended said other creditors to rely upon, which reliance thereon would be detrimental and was reasonably foreseeable.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind
FBN 138746
525 S. Flagler Drive, Ste. 500
West Palm Beach, FL  33401
TEL    (561) 832-7720
FAX    (561) 832-7668
jeffsiskind@msn.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection and Motion for Sanctions was served by electronic notice to parties on the attached Electronic Service List and by conventional U.S. Mail to those parties not registered thereon on December 12, 2013.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind

## **ELECTRONIC SERVICE LIST**

Heidi.A.Feinman@usdoj.cgov

miamiservice@joneswalker.com

sdrobny@joneswalker.com

bkfl@albertellilaw.com

jc@ecclegal.com

bankruptcy@ecclegal.com

nsocorro@ecclegal.com

ecala@ecclegal.com

jbetancourt@ecclegal.com

sacarr@logs.com

electronicbankruptcynotices@logs.com

rpc@ecccounsel.com

rbruckmann@joneswalker.com

tsnow@joneswalker.com

jfrankel@eisengerlaw.com

sorta@eisengerlaw.com

tml@stjohnrossin.com

linda@stjohnrossin.com


## **NON-CM/ECF REGISTRANTS**

None.