# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| JEFFREY M. SISKIND | Case No.: 13-13096-BKC-PGH |
| _____Debtor._____°/ | Chapter 11 |

## HSBC BANK USA, NATIONAL ASSOCIATION'S PLAN OF REORGANIZATION FOR JEFFREY M. SISKIND

**Submitted on May 1, 2014 by:**

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive, Suite 300**
**Miami, Florida  33131**
**T. 305.722.2002      F. 305.722.2001**
**Jacqueline Calderin- Fla. Bar No. 134414**
**jc@ecclegal.com**
*Attorneys for Plan Proponent, HSBC Bank, N.A.*

## <u>TABLE OF CONTENTS</u>

**ARTICLE I.        DEFINITIONS** ...................................................................................**1**
    **1.1.    Administrative Claims** ...................................................................**1**
    **1.2.    Allowed Administrative Expense Claim** .......................................**1**
    **1.3.    Allowed Claim** ................................................................................**1**
    **1.4.    Allowed Priority Tax Claim** ..........................................................**2**
    **1.5.    Allowed Secured Claim** ..................................................................**2**
    **1.6.    Allowed Unsecured Claim** ..............................................................**2**
    **1.7.    Anniversary Date** ...........................................................................**3**
    **1.8.    Anniversary Month** .........................................................................**3**
    **1.9.    Bankruptcy Code** ............................................................................**3**
    **1.10.    Bankruptcy Court or Court** ...........................................................**3**
    **1.11.    Bankruptcy Rules** ..........................................................................**3**
    **1.12.    Claims Bar Date** .............................................................................**3**
    **1.13.    Claims Summary** ............................................................................**3**
    **1.14.    Causes of Action** .............................................................................**3**
    **1.15.    Claim** ...............................................................................................**4**
    **1.16.    Claimant** .........................................................................................**4**
    **1.17.    Class** ................................................................................................**4**
    **1.18.    Confirmation** ..................................................................................**4**
    **1.19.    Confirmation Date** .........................................................................**4**
    **1.20.    Confirmation Order** .......................................................................**4**
    **1.21.    Creditor** ..........................................................................................**4**
    **1.22.    Debtor** .............................................................................................**4**
    **1.23.    Disputed Claim** ...............................................................................**4**
    **1.24.    Effective Date** .................................................................................**5**
    **1.25.    Estate** ..............................................................................................**5**
    **1.26.    Final Order** .....................................................................................**5**
    **1.27.    Financial Advisors** .........................................................................**5**
    **1.28.    Impaired Class** ...............................................................................**5**
    **1.29.    Law Office** .......................................................................................**5**
    **1.30.    Lien** ..................................................................................................**5**
    **1.31.    Net Disposable Income** ...................................................................**6**
    **1.32.    Order** ...............................................................................................**6**
    **1.33.    Petition** ............................................................................................**6**
    **1.34.    Petition Date** ...................................................................................**6**
    **1.35.    Plan** ..................................................................................................**6**
    **1.36.    Plan Fund** ........................................................................................**6**
    **1.37.    Plan Period** .....................................................................................**6**

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

1.38.   Plan Payment ............................................................................6
1.39.   Pro Rata ...................................................................................6
1.40.   Proceeding or Proceedings .........................................................6
1.41.   Professionals .............................................................................6
1.42.   Proponent .................................................................................7
1.43.   Reorganized Debtor ...................................................................7
1.44.   Scheduled .................................................................................7
1.45.   Schedules of Assets and Liabilities ...............................................7
1.46.   Siskind .....................................................................................7
1.47.   U.S. Trustee ..............................................................................7


ARTICLE II.        CLASSIFICATION OF CLAIMS AND INTERESTS ............................7
2.1.    Class 1.  Allowed Claims of the Internal Revenue Service....................7
2.2.    Class 2.  Allowed Claims of the Palm Beach County Tax Collector. ...............8
2.3.    Class 3.  Allowed Secured Claim of U.S. Bank National Association, as
        Trustee, successor in interest to Bank of America, National Association as
        Trustee as successor by merger to Lasalle Bank, National Association as
        Trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA5
        Trust............................................................................................8
2.4.    Class 4.  Allowed Secured Claim of HSBC Bank USA, National Association
        as Trustee for Nomura Home Equity Loan, Inc., Asset Backed Certificates,
        Series 2007-1...............................................................................8
2.5.    Class 5.  Allowed Claim of George and Jeri Maler.................................8
2.6.    Class 6.  Allowed Claim of Fiore at Gardens Condominium Association, Inc...9
2.7.    Class 7.  Allowed General Unsecured Creditors. ...................................9
2.8.    Equity Interest of Jeffrey M. Siskind.................................................9


ARTICLE III.       TREATMENT OF CLAIMS UNDER THIS PLAN.............................9
General Matters Regarding Classification and Treatment of Claims ...................9


ARTICLE IV.        TREATMENT OF ALLOWED ADMINISTRATIVE EXPENSE
                   CLAIMS AND U. S. TRUSTEES FEES.....................................11
4.1.    Allowed Administrative Expense Claims............................................11
4.2.    United States Trustee Fees ...........................................................11


ARTICLE V.         ALLOWANCE AND DISALLOWANCE OF CLAIMS ......................11
5.1     Disputed Claims. ........................................................................11
5.2     Delay of Distribution on a Disputed Claim.........................................12
5.3.    Settlement of Disputed Claims.......................................................12
ARTICLE VI.        PROVISIONS FOR THE ASSUMPTION OR REJECTION OF
                   EXECUTORY CONTRACTS OR UNEXPIRED LEASES...................12

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**6.1.**  **Contract or Leases to be Assumed or Rejected**......................................**12**
**6.2.**  **Effect of Postconfirmation Rejection.** .......................................**12**
**6.3.**  **Deadline to File Rejection Damage Claims.** ..............................**13**

**ARTICLE VII.**     **MEANS OF EXECUTION OF THIS PLAN** ..................**13**
**7.1.**  **Sources of Plan Funding**..........................................................**13**

**ARTICLE VIII.**    **RETENTION OF JURISDICTION** ...........................**14**

**ARTICLE XI.**     **MODIFICATION OF THE PLAN** ..............................**16**

**ARTICLE X.**     **AMENDMENT OF CLAIMS** ....................................**16**

**ARTICLE XI.**     **EFFECT OF CONFIRMATION** .................................**16**

**ARTICLE XII.**     **GENERAL PROVISIONS** ........................................**17**
**12.1.**  **Extension of Payment Dates**.....................................................**17**
**12.2.**  **Governing Law**.........................................................................**17**
**12.3.**  **Headings**..................................................................................**17**
**12.4.**  **Notices** ....................................................................................**17**
**12.5.**  **Severability** .............................................................................**17**
**12.6.**  **Successors and Assigns** ...........................................................**18**
**12.7.**  **U.S. Trustee Fees**.....................................................................**18**

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

## PLAN OF REORGANIZATION

Creditor, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset Backed Certificates, Series 2007-1 ("HSBC Bank" or "Plan Proponent")[1], by and through its authorized agent, Attorney's Title Insurance Fund, files this Plan of Reorganization pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code.

## ARTICLE I.
## DEFINITIONS

The following capitalized terms shall have the following meanings when used in the Plan, which meanings shall be equally applicable to both the singular and plural forms of such terms.

Any term in the Plan that is not defined herein but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules.

**1.1.**    **Administrative Claims** - shall mean (i) Claims unpaid on the Effective Date, arising out of operation of the Debtor's affairs during this case and which are scheduled for payment in the ordinary course of the ongoing operations of the Debtor, or (ii) Claims of Professionals employed by the Debtor for fees and expenses which have not yet been approved by the Court or which are scheduled for payment upon Court approval.

**1.2.**    **Allowed Administrative Expense Claim** - shall mean an Allowed Claim for which a Claimant asserts, and is determined to be entitled to, priority pursuant to Sections 503 and 507(a)(1) and (a)(2) of the Bankruptcy Code, other than Administrative Claims.

**1.3.**    **Allowed Claim** - shall mean a Claim against the Debtor that (i) is allowed by a Final Order, (ii) is scheduled as liquidated, undisputed and non-contingent by the Debtor in his

---

[1]  All capitalized terms not specifically defined in this Disclosure Statement have the meaning ascribed to them in the Plan.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

Schedules of Assets and Liabilities filed with the Bankruptcy Court, as they may be amended or supplemented (collectively, the "Schedules") or (iii) is timely filed with the Clerk of the Bankruptcy Court and no objection has been made to the allowance thereof within a time fixed by the Bankruptcy Court and the Claim is not otherwise a Disputed Claim.

       **1.4.**    **Allowed Priority Tax Claim** - shall mean an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

       **1.5.**    **Allowed Secured Claim** - shall mean an Allowed Claim for which a Claimant asserts, or upon objection is determined by a Final Order to hold, a valid, perfected and enforceable lien, security interest or other interest or encumbrance in property in which the Debtor have an interest not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or an Allowed Claim for which a Claimant asserts a setoff under Section 553 of the Bankruptcy Code, but in any event only to the extent of the value, determined in accordance with Section 506(a) of the Bankruptcy Code, of the Claimant's interest in the Debtor's interest in the property serving as collateral or to the extent of the amount subject to such setoff as the case may be.

       **1.6.**    **Allowed Unsecured Claim** - shall mean an Allowed Claim which arose or which is deemed to have arisen prior to the filing of the Petition commencing these Proceedings and as to which the Claimant has not asserted, or as to whom it is determined by Final Order does not hold, a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or a right of setoff to secure the payment of such Claim, but excluding unsecured Claims previously paid in the Proceedings pursuant to agreements approved by the Bankruptcy Court.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

**1.7.** **Anniversary Date** - shall mean the date corresponding to the Confirmation Date, of the Plan Proponent's Plan.

**1.8.** **Anniversary Month** - shall mean the month corresponding to the month in which the Confirmation Date falls continuing in each subsequent year.

**1.9.** **Bankruptcy Code** - shall mean the United States Bankruptcy Code, 11 U. S. C. § 101 *et. seq.* and all amendments thereto.

**1.10.** **Bankruptcy Court or Court** - shall mean the United States Bankruptcy Court for the Southern District of Florida, in which the Proceedings were filed or such other court as may hereafter have jurisdiction of and act with respect to the Proceedings.

**1.11.** **Bankruptcy Rules** - shall mean the Federal Rules of Bankruptcy Procedure applicable to cases or proceedings pending before the Court, now existing or as hereafter amended.

**1.12.** **Claims Bar Date** - shall mean June 12, 2013, which is the date set by the Bankruptcy Court as the last day for filing Proofs of Claim against the Debtor.

**1.13.** **Claims Summary** – shall mean the analysis of the Proofs of Claim filed by Creditors in this case, prepared by the Financial Advisors and attached as **Exhibit "C"** to this Disclosure Statement.

**1.14.** **Causes of Action** - shall be used in its broadest sense and shall include, but not limited to, all causes of action of the Debtor and all causes of action which a Trustee would have if the proceedings were converted on the Confirmation Date to a proceeding under Chapter 7 of the Code and a Trustee were appointed. Causes of action shall include all rights or causes of action, whether legal or equitable, whether they arise under the Code or under other federal or state laws or under applicable federal or state common law, whether or not they are the subject of

3

presently pending litigation and whether they arise before or after the Confirmation Date, as well as rights belonging to the Debtor pursuant to Sections 506, 510, 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code.

      **1.15.**   **Claim** - shall mean any right to payment against the Debtor or right to an equitable remedy against the Debtor for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

      **1.16.**   **Claimant** - shall mean the holder of a Claim.

      **1.17.**   **Class** - shall mean any group of substantially similar Claims as classified in Articles 3 and 4 of the Plan pursuant to Section 1123(a)(1) of the Bankruptcy Code.

      **1.18.**   **Confirmation** - shall mean the entry of an Order of the Bankruptcy Court confirming this Plan.

      **1.19.**   **Confirmation Date** - shall mean the date upon which the Confirmation Order is entered by the Court after a hearing conducted pursuant to Section 1128 of the Bankruptcy Code.

      **1.20.**   **Confirmation Order** - shall mean the order of the Bankruptcy Court confirming the Plan.

      **1.21.**   **Creditor** - shall have the meaning set forth in Section 101(10) of the Bankruptcy Code.

      **1.22.**   **Debtor** - shall mean Jeffrey M. Siskind.

      **1.23.**   **Disputed Claim** - shall mean any Claim which is scheduled as disputed or as to which an objection has been filed but has not been resolved by Order of the Bankruptcy Court prior to the Effective Date.

4

**1.24.** **Effective Date** - will occur fifteen (15) days from the date of the entry of the Confirmation Order.

**1.25.** **Estate** - shall mean the estate created by § 541 of the Bankruptcy Code upon Siskind's filing of the Chapter 11 Petition with the Bankruptcy Court in this Proceeding.

**1.26.** **Final Order** - shall mean an Order or judgment that has not been reversed, stayed, modified or amended and as to which (i) the time to appeal or seek review, reargument or rehearing has expired and no appeal or petition for certiorari review or rehearing is pending, or (ii) if appeal, review, reargument, rehearing or certiorari of the Order has been sought, the Order has been affirmed or the request for review, reargument, rehearing or certiorari has been denied and the time to seek a further appeal, review, reargument, rehearing or certiorari has expired, as a result of which such Order shall have become final and non-appealable in accordance with applicable law.

**1.27.** **Financial Advisors** – shall mean the professionals at Zucker Forensics, Inc. retained by HSBC Bank in this Chapter 11 Case to analyze and advise on the Debtor's financial affairs.

**1.28.** **Impaired Class** - shall have the meaning set forth in 11 U. S. C. § 1124.  A Class is impaired if the legal, equitable and contractual rights to which the Claim is entitled are altered.

**1.29.** **Law Office** – shall mean the Law Office of Jeffrey M. Siskind a/k/a Siskind Legal Services, LLC, a/k/a Jeffrey M. Siskind Law Office.

**1.30.** **Lien** - shall mean any charge against or interest in property to secure payment of an Allowed Claim and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in the Bankruptcy Code or in any applicable state or federal law.

5

**1.31.**  **Net Disposable Income** - shall have the meaning ascribed to the term in 11 U.S.C. §1325(b)(2).

**1.32.**  **Order** - shall mean an Order or judgment of the Bankruptcy Court as entered on the docket.

**1.33.**  **Petition** - shall mean the Debtor's Chapter 11 Bankruptcy Petition filed on the Petition Date.

**1.34.**  **Petition Date** - shall mean February 11, 2013.

**1.35.**  **Plan** - shall mean the Plan of Reorganization as it may be further amended or modified, and including all addenda, exhibits, schedules or other attachments thereto.

**1.36.**  **Plan Fund** – shall mean such sums that the Debtor will contribute for payment of Allowed Claims for a period of five (5) years from the Debtor's Net Disposable Income.

**1.37.**  **Plan Period** - shall mean the period of time required to make the disbursements contemplated pursuant to the Plan.

**1.38.**  **Plan Payment** - shall mean disbursements contemplated in the Plan.

**1.39.**  **Pro Rata** - shall mean the proportion an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class, except as otherwise specified herein.

**1.40.**  **Proceeding or Proceedings** - shall mean the instant Chapter 11 case of the Debtor currently pending in the Bankruptcy Court.

**1.41.**  **Professionals** - shall mean persons or entities retained or to be compensated pursuant to sections 326, 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**1.42.** **Plan Proponent** - shall mean, Creditor, HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset Backed Certificates, Series 2007-1, by and through its authorized agent, Attorney's Title Insurance Fund.

**1.43.** **Reorganized Debtor** - shall mean the Debtor, Jeffrey M. Siskind, in his restructured and reorganized form as of and after the Effective Date.

**1.44.** **Scheduled** - shall mean as set forth in the Schedules of Assets and Liabilities.

**1.45.** **Schedules of Assets and Liabilities** - shall mean the Schedules of Assets and Liabilities filed by the Debtor with the Bankruptcy Court, as the same have been or may be amended from time to time prior to the Effective Date.

**1.46.** **Siskind** – shall mean the Debtor, Jeffrey M. Siskind.

**1.47.** **U. S. Trustee** – shall mean the United States Trustee for the Southern District of Florida.

**ARTICLE II.**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

All Claims against the Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Debtor or rejection of executory contracts and/or unexpired leases, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan.  Classification of Claims against the Debtor, with the exception of Administrative Claims, which are unclassified pursuant to 11 U.S.C. § 1123(a)(1).

**2.1.** **Class 1.** **Allowed Claims of the Internal Revenue Service.**  The Internal Revenue Service (the "IRS") has filed a proof of claim evidencing total indebtedness in the amount of $78,997.94, of which $66,113.34 is priority in nature [POC #1].

7

**2.2.**    <u>Class 2</u>.  **Allowed Claims of the Palm Beach County Tax Collector.**  The Palm Beach County Tax Collector's office filed a total of four proofs of claim in this case [POC# 2, 3, 4, 14] for indebtedness related to real and personal property taxes assessed on the Debtor's various ownership interests.  Proof of Claim #14, evidences indebtedness assessed for 2013 real property taxes in the amount of $2,433.31 due date on or before April 1, 2014 related to the Debtor's ownership interests in a property located at 341 53rd Street, West Palm Beach, Florida (the "<u>West Palm Beach Duplex</u>").

**2.3.**    <u>Class 3</u>.    **Allowed Secured Claim of U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA5 Trust ("<u>U.S. Bank</u>").**  The claim of U.S. Bank is secured by the Debtor's primary residence and homestead real property located at 3465 Santa Barbara Drive, Wellington, Florida (the "<u>Homestead</u>").  U.S. Bank filed Proof of Claim #6, evidencing indebtedness in the amount of $2,917,315.45.

**2.4.**    <u>Class 4</u>.    **Allowed Secured Claim of HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc. Asset Backed Certificates, Series 2007-1.**  The claim of HSBC Bank is secured by the Debtor's real property located at 401 Carysfort Road, Key Largo, Florida (the "<u>Key Largo Property</u>").  HSBC Bank filed Proof of Claim #12, evidencing indebtedness in the amount of $1,265,178.55.

**2.5.**    <u>Class 5</u>.  **Allowed Claim of George and Jeri Maler.**  According to the Debtor's Schedules, the Debtor is indebted to George and Jeri Maler in the amount of $145,000.00, which debt is secured by interests in "motorized vehicles" and a portion of the value of the West Palm Beach Duplex owned jointly by the 341 53rd Trust and the Jeffrey M.  Siskind Trust.

8

**2.6.    Class 6.    Allowed Claim of Fiore at Gardens Condominium Association, Inc.**
The claim of Fiore at the Gardens Condominium Association, Inc. in the amount of $32,997.36 [POC #13] pursuant to the judgment entered against the Debtor on February 6, 2013 in the Circuit Court of the 15th Circuit in and for Palm Beach County, in the case styled *Fiore at the Gardens Condominium Association, Inc. vs. Jeffrey M. Siskind, et. al,* Case No. 502011CA002717XXXMBAW, arises from unpaid condominium fees associated with the condominium unit owned by the 7102 Fiore Trust and Steven Wilkins located at 17103 Myrtlewood Circle West, Palm Beach Gardens, FL.  Upon information and belief, 7102 Fiore Trust is an entity affiliated with the Debtor.

**2.7.    Class 7.    Allowed General Unsecured Creditors.**  Class 7 is comprised of all general unsecured claims as well as unsecured deficiency claims based on the values of the real properties owned by the Debtor or the Debtor's business entities on the Effective Date.  Holders of allowed unsecured deficiency claims include, without limitation the following: JP Morgan Chase [POC #9], OB Real Estate Holdings 1732, LLC [POC #7], Trisun Financial [POC #10], the Miriam Siskind Trust [POC #11], and Flagstar Bank FSB.

**2.8.    Class 8.    Equity Interest of Jeffrey M. Siskind.**  Class 8 consists of Siskind's Equity Interests, which are retained under the Plan.

### ARTICLE III.
### TREATMENT OF CLAIMS UNDER THIS PLAN

**General Matters Regarding Classification and Treatment of Claims.**

**3.1.**    Except to the extent the holder of an Allowed Claim or Allowed Interest against the Debtor agrees to accept different but lesser treatment, the treatment of Allowed Claims and Allowed Interests shall be as follows:

9

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 1<br>Internal Revenue Service | Not Impaired; Not Entitled to Vote | On the Effective Date, Debtor will commence making payments in the amount of $1,333. 00 over 45 months at an interest rate of 2% on the portion of the IRS debt that is priority in nature. The IRS shall receive an allowed unsecured claim in the amount of $12,884.60 to be paid pro-rata with Class 7 unsecured creditors. |
| Class 2<br>Allowed Claims of Palm Beach County Tax Collector | Not Impaired; Not Entitled to Vote | Proof of Claim #14 will be paid in the ordinary course of business on or before April 1, 2014 or will be paid in full on the Effective Date. All other claims will be assumed and paid in the ordinary course of business. To the extent that on the Effective Date any ad valorem taxes are due those shall be paid monthly over a term of 45 months and bearing an interest rate of 18% per year. |
| Class 3<br>Allowed Claim of U. S. Bank | Impaired; Entitled to Vote | On the Effective Date, Debtor will commence making payments to U. S. Bank pursuant to the terms of the loan set forth in Proof of Claim # 6. U.S. Bank will retain a first priority lien on the Homestead which will remain intact and in full force and effect until the obligations of the underlying indebtedness are satisfied in full. Any arrearages will be added to the principal balance. |
| Class 4<br>Allowed Claim of HSBC Bank | Impaired; Entitled to Vote | On the Effective Date, the Debtor will commence making payments to HSBC Bank pursuant to the terms of the loan set forth in Proof of Claim #12. HSBC Bank's retain a first priority lien on the Key Largo Property which will remain intact and in full force and effect until the obligations of the underlying indebtedness are satisfied in full. Any arrearages will be added to the principal balance. |
| Class 5<br>Allowed Claim of George and Jeri Maler | Impaired; Entitled to Vote | On the Effective Date, the Debtor will commence making payments to George and Jeri Maler pursuant to the terms of their loan agreement and George and Jeri Maler will preserve a first priority lien on the WPB Duplex and the "motorized vehicles". Any arrearages on the loan will be added to the principal balance. |
| Class 6<br>Fiore at Gardens Condominium Association, Inc. | Impaired; Entitled to Vote | This claim will be paid in 45 monthly installments, with the first payment due on the Effective Date and shall beari interest at a rate of four and a half percent (4.5%) per year. |
| Class 7<br>Allowed General Unsecured Claims | Impaired; Entitled to Vote | Class 7 shall receive periodic pro rata dividends from the Plan Fund for a period of five (5) years with the first payment due on the Effective Date, and every year thereafter, as follows: (i) $34,336.00 during Year One, (ii) $63,814.00 during Year Two, (iii) $86,564.00 during Year Three, (iv) $105.911. 00 during Year Four, and (v) $126,393.00 during Year Five. |

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 8 Equity Interests of the Debtor | Unimpaired; Presumed to accept; Not Entitled to Vote | The Equity Interests of Jeffrey Siskind are preserved under the Plan. |

## ARTICLE IV.
## TREATMENT OF ALLOWED ADMINISTRATIVE
## EXPENSE CLAIMS AND U. S. TRUSTEES FEES

**4.1.** **Allowed Administrative Expense Claims**. Each holder of an Administrative Expense Claim in this Case allowed under § 503 of the Code will be paid in full on the Effective Date in cash, or upon such other terms as may be agreed upon by the holder of the Claim and the Debtor. All Administrative Claims incurred in the ordinary course of the Debtor's affairs, including without limitation, income taxes, shall be assumed and paid by the Debtor in the ordinary course of business pursuant to customary terms and due dates.

**4.2.** **United States Trustee Fees.** All fees required to be paid by 28 U.S.C. §1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U. S. Trustee Fees owed on or before the Confirmation Date of the Plan Proponent's Plan will be paid by the Debtor on the Effective Date.

## ARTICLE V.
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.1.** **Disputed Claims.** (a) Claim that is listed on the appropriate Debtor's Schedules that is not disputed, contingent or unliquidated, but as to which an objection has been filed, and such objection has not been withdrawn or denied by a Final Order; (b) a Claim that is listed on the appropriate Debtor's Schedules as disputed, contingent or unliquidated; or (c) a proof of claim or request for payment of an Administrative Claim that has been filed by the Bar Date or has otherwise been deemed timely filed under applicable law.

11

**5.2.** __Delay of Distribution on a Disputed Claim.__  No distribution will be made on account of a disputed claim unless such claim is allowed.

**5.3.** __Settlement of Disputed Claims.__  The Plan Proponent may contest Claims by filing with the Court objections to Claims and serving such objections upon the respective holders of the Claims to which objections are lodged.  The service and prosecution of such objections shall be subject to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Florida.

**ARTICLE VI.**
**PROVISIONS FOR THE ASSUMPTION**
**OR REJECTION OF EXECUTORY**
**CONTRACTS OR UNEXPIRED LEASES**

**6.1.** __Contract or Leases to be Assumed or Rejected.__  On the Effective Date, the Debtor, pursuant to section 365 of the Bankruptcy Code, shall reject all of his executory contracts and unexpired leases except those that: (i) are the subject of motions to assume or reject pending on the Confirmation Date; (ii) were assumed before the Confirmation Date; or (iii) become the subject of a dispute over the amount or manner of cure and for which the Debtor makes a motion, at any time, to reject such contract or lease based upon the existence of such dispute; provided, however, that the Debtor shall not be required to assume or reject any executory contract or unexpired lease with any party that is a Debtor under the Bankruptcy Code unless and until such contract or lease has been assumed or rejected by such other party. All contracts or leases not assumed or reserved shall be deemed rejected.

**6.2.** __Effect of Postconfirmation Rejection.__ The entry by the Bankruptcy Court after the Confirmation Date of an order authorizing the rejection of an executory contract or unexpired lease shall result in such rejection being a pre-petition breach under sections 365(g) and 502(g) of the Bankruptcy Code.

12

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

 **6.3.** <u>**Deadline to File Rejection Damage Claims**</u>. Each Person who is a party to a contract or lease rejected under the Plan must file, not later than thirty (30) days after the Confirmation Date, a proof of Claim for damages alleged to arise from the rejection of the applicable contract or lease or be forever barred from filing a Claim, or sharing in distributions under the Plan, related to such alleged rejection damages.

**ARTICLE VII.**
<u>**MEANS OF EXECUTION OF THIS PLAN**</u>

 **7.1.** <u>**Sources of Plan Funding.**</u> The Plan Fund is comprised of the aggregate sum of $417,018.00 cash over a period of five (5) years. By committing the value of his Net Disposable Income, the Plan Fund shall provide to Allowed Class 7 Claimholders an amount greater than the liquidation value of the Debtor's bankruptcy estate at Confirmation. The total value of non-exempt personal property (net of secured claims) listed on **Exhibit "B"** is $138,727.00. Accordingly, there is significantly less value to be generated in the event of liquidation. Notwithstanding the foregoing, the Debtor shall nonetheless contribute the value of the Plan Fund in accordance with 11 U.S.C. § 1129(a)(15)to pay Allowed Claims, without prejudice to the Debtor to discount the sums payable to account for present value in the event of an early payoff. The primary source of income for the Plan Fund is derived from the Law Office. If the Debtor's interests in the Law Office were to be liquidated, this would result in no available distribution for creditors. Furthermore, the Plan Fund represents value in an amount that is approximately three hundred percent (300%) greater than the value of the Debtor's non-exempt assets. Class 7 Claimholders are, therefore, receiving a greater dividend than they would receive if the case was pending under Chapter 7.

13

## ARTICLE VIII.
## <u>RETENTION OF JURISDICTION</u>

The Bankruptcy Court shall retain jurisdiction of the Proceedings pursuant to the provisions of the Bankruptcy Code until the Proceedings are closed and further with respect to the following matters:

**8.1.**     To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classification or allowance of any Claim.

**8.2.**     To enforce performance of the Plan against the Debtor, Claimants or any other entity.

**8.3.**     To hear and determine all Claims arising from the rejection of executory contracts and unexpired leases and to consummate the rejection and termination thereof.  To hear and determine all matters relating to the assumption of executory contracts and unexpired leases and the assumption and assignment of executory contracts and unexpired leases.

**8.4.**     To liquidate damages or estimate Claims in connection with any disputed, contingent or unliquidated Claims.

**8.5.**     To adjudicate all Claims to an ownership interest in any property of the Debtor, the Estate or any proceeds thereof.

**8.6.**     To adjudicate all Claims or controversies arising out of any purchase, sale or contract made or undertaken by the Debtor during the pendency of the Proceeding.

**8.7.**     To recover all assets and property of the Debtor wherever located.

**8.8.**     To hear and determine matters concerning state, local and federal taxes pursuant to Sections 346, 505, 525 and 1146 of the Bankruptcy Code.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**8.9.**    To hear and determine any action or proceeding brought by the Debtor or other party-in-interest under Sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553 and 363(h) of the Bankruptcy Code.

**8.10.**    To hear and determine all actions and proceedings brought by the Plan Proponent, Debtor, or other party-in-interest arising in or related to the Proceedings or arising under the Bankruptcy Code.

**8.11.**    To determine the validity, extent and priority of all liens against property of the Debtor's Estate.

**8.12.**    To consider any modification of the Plan under Section 1127 of the Bankruptcy Code or under Rule 3020 of the Federal Rules of Bankruptcy Procedure and/or modification of the Plan after substantial consummation as defined in Section 1101(2) of the Bankruptcy Code.

**8.13.**    To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan.

**8.14.**    To hear and determine all requests for compensation and/or reimbursement of expenses of Professionals that may be made after the Confirmation Date.

**8.15.**    To hear and determine such matters and make such orders as are consistent with the Plan and as may be necessary or desirable to carry out the provisions thereof.

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of the Proceedings, including the matters set forth herein, or if a party-in-interest elects to bring an action in any other forum, this Article 7 shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having jurisdiction with respect to such matter.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

## ARTICLE IX.
## MODIFICATION OF THE PLAN

The Plan Proponent may propose amendments or modifications to the Plan at any time prior to the Confirmation Date without leave of the Bankruptcy Court.  After the Confirmation Date, parties-in-interest may, with Bankruptcy Court approval and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of the Plan.

## ARTICLE X.
## AMENDMENT OF CLAIMS

Claimants shall not be permitted to amend or otherwise modify any Claim after the Confirmation Date without leave of the Bankruptcy Court, unless the Claimant has specifically reserved a right to amend its Claim.

## ARTICLE XI.
## EFFECT OF CONFIRMATION

Upon the Effective Date all of the provisions of this Plan and amendments, if any, including all appendices and other exhibits hereto, shall be binding on the Debtor, the Estate, all Creditors and all other entities who are affected (or whose interests are affected) in any manner by the Plan.

As of the Effective Date, all property of the Estate, and the proceeds thereof, and any property or interest in property acquired by the Estate after the Effective Date shall be vested in the Reorganized Debtor.  All of such property shall be free and clear of all Claims except the Claims of Classes as treated in Article II and III of this Plan.

16

## ARTICLE XII.
## GENERAL PROVISIONS

**12.1.**  **Extension of Payment Dates.**  If any payment under this Plan falls due on a Saturday, Sunday or other day that is not a Business Day, then such due date shall be extended to the next following Business Day.

**12.2.**  **Governing Law.**  Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan and any documents, agreements and instruments executed in connection with this Plan (except to the extent such documents, agreements and instruments designate otherwise) shall be governed by, and construed and enforced in accordance with, the Laws of the State of Florida.

**12.3.**  **Headings.**  The Article and Section headings used in this Plan are inserted for convenience and reference only and neither constitutes a part of this Plan nor in any manner affects the terms, provisions or interpretations of this Plan.

**12.4.**  **Notices.**  All notices required to be made in or under this Plan shall be in writing and to the following:  If to the Plan Proponent:

> **Jacqueline Calderin, Esq.**
> **Ehrenstein Charbonneau Calderin**
> 501 Brickell Key Drive, Suite 300
> Miami, Florida 33131
> T 305.722.2002        F 305.722. 2001
> E-Mail: jc@ecclegal.com

or at such other address as a party may have designated as its address for such purpose or at any address of any such party appearing in the records of the party giving notice.

**12.5.**  **Severability.**  Should any item or provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other term or provision of this Plan.

17

12.6.   **Successors and Assigns.**   Except as may be otherwise provided in this Plan, the rights and obligations of any entity named or referred to herein shall be binding upon, and shall inure to the benefit of, the successors and assigns of each such entity.

12.7.   **U.S. Trustee Fees.**   The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6).   After Confirmation, the Reorganized Debtor shall file with the Court, and serve on the United States Trustee, a quarterly disbursement report for each quarter, or portion thereof, until a Final Decree has been entered, or the case dismissed, or converted to another chapter, in a format prescribed by and provided to the Debtor by the United States Trustee.

This Plan of Reorganization is dated April 30ᵗʰ, 2014, and is hereby approved by the undersigned.

*Creditor, HSBC Bank, NA, by and through its agent, Attorney's Title Insurance Fund, Plan Proponent*

By: _____
Name: _____Tiffany J. Riggs_____
Title: ___Senior Claims Counsel___

Submitted by:

By: _____
        Jacqueline Calderin, Esq.
        **Fl. Bar No.: 134414**
        **Ehrenstein Charbonneau Calderin**
        501 Brickell Key Drive, Suite 300
        Miami, Florida 33131
        T 305.722. 2002       F 305.722.2001
        E-Mail: jc@ecclegal.com
        www.ecclegal.com
        *Counsel for the Plan Proponent*

18