UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*  CASE NO. 13-13096-PGH

**JEFFREY MARC SISKIND,**  Chapter 11

      **Debtor**               /

**STIPULATED JOINT MOTION PURSUANT TO RULE 9019 TO APPROVE SETTLEMENT AND COMPROMISE BY AND BETWEEN CREDITOR, HSBC BANK USA, NATIONAL ASSOCIATION AND THE DEBTOR**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TEN (10)[1] DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D)(2), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

Creditor, HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset Backed Certificates, Series 2007-1 ("HSBC Bank") and Jeffrey Marc Siskind (the "Debtor") (together with HSBC Bank, the "Parties" and each individually a "Party"), by and through their respective, undersigned counsel, and with the consent of the Debtor, file this Stipulated Joint Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D) for entry of an order approving the settlement by and between HSBC Bank and the Debtor (the "Joint Motion"). In support of the Joint Motion, the Parties state as follows:

**BACKGROUND**

A.  This matter was initiated by the Debtor upon the filing of a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code in this Court on Wednesday, November 27, 2013 [ECF #1] (the "Petition Date").Creditor, HSBC Bank, retained undersigned counsel to represent its interests in this Bankruptcy Case, arising from HSBC Bank's lien on the Debtor's real property located at 401 Carysfort Road, Key Largo, Florida. Subsequent to the expiration of the exclusive

---

[1] Shortened by Order of Court from 21 days to 10 days

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

period during which the Debtor could file a Chapter 11 plan, on October 28, 2013, HSBC Bank filed the first *Chapter 11 Plan of Liquidation* [ECF #108] and *Disclosure Statement in Connection with Plan Proponent's Plan of Liquidation* [ECF #107].

B. On June 23, 2014, in order to address various objections filed by interested parties, HSBC Bank filed its *First Amended Plan of Reorganization for Jeffrey M. Siskind* [ECF #203] and *First Amended Disclosure Statement in Connection with HSBC Bank's Amended Plan of Reorganization for Jeffrey M. Siskind* [ECF #204] (the "First Amended Disclosure Statement"), which collectively embodied the agreement reached by and between the Debtor and the Miriam Trust to, among other things, subordinate the mortgage claim of the Miriam Trust to HSBC Bank (the "Subordination Agreement") and to provide such treatment in the plan of reorganization.

C. On June 24, 2014, the Court held a hearing to consider approval of the First Amended Disclosure Statement [ECF #190] (the "Disclosure Hearing"). At the Disclosure Hearing, multiple interested parties raised objections and requested that additional disclosures be included.

D. As a result of extensive negotiations with interested parties, on August 18, 2014, HSBC Bank filed the Second Amended Plan and the *Second Amended Disclosure Statement in Connection with HSBC Bank's Second Amended Plan of Reorganization* [ECF #223] ("Second Amended Disclosure Statement"), which addressed all of the objections and requests raised at the Disclosure Hearing.

E. On August 20, 2014, the Court entered an Order approving the Second Amended Disclosure Statement and setting a hearing on confirmation of the Second Amended Plan for September 30, 2014 at 9:30 a.m. (the "Confirmation Hearing"). That Order further established September 16, 2014 (the "Balloting Deadline") as the deadline for voting on the Second Amended Plan.

1. On September 9, 2014, HSBC Bank filed the *Motion for Approval and Award of its Fees and Costs Incurred as an Administrative Expenses Pursuant to 11 U.S.C. § 503 et seq.* [ECF#

2

251] (the "Motion"). In the Motion, HSBC Bank requests approval of $78,000.00 pursuant to substantial consummation (the "HSBC Administrative Expense"). As stated in the Motion, the HSBC Administrative Expense would be supplemented through confirmation. As of the filing of this Stipulated Joint Motion, the HSBC Administrative Expense is now $176,129.17.

2. On September 30, 2014, the Court confirmed the Second Amended Plan. One of the compromises reached with the Debtor in connection with confirmation of the Second Amended Plan was the treatment of the asserted HSBC Administrative Expense as an unsecured claim.

3. Accordingly, the HSBC Administrative Expense will be allowed in full, and will receive a distribution under Class 7 of the Second Amended Plan [ECF# 222].

4. The compromise represented by this Stipulated Joint Motion balances on the one hand the benefit to the Debtor's bankruptcy estate derived from the work performed by HSBC's professionals, and on the other hand, the elimination of the administrative impact that the HSBC Administrative Expense would have on the feasibility and confirmability of the Second Amended Plan, and the dollar for dollar reduction in distribution to general, unsecured creditors that would occur if the HSBC Administrative Expense were allowed as an administrative expense.

5. Pursuant to F.R.B.P. 9019(a), the Court may approve a compromise or settlement. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. See *In re Arrow, Inc., 85 B.R. 886, 891* (Bankr. S.D.Fla. 1988). In determining the reasonableness of a settlement, the test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." Id. at 891.

6. The legal standard for approval of settlements in the Eleventh Circuit is outlined in *In re Justice Oaks, II, Ltd*., 898 F.2d 1544, 1549 (11th Cir.) cert. denied, 498 U.S. 959 (1990). Justice Oaks requires that the Court consider: (1) the probability of success in litigation; (2) the complexity

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (3) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. Based on the foregoing, the Parties believe that the Settlement satisfies the *Justice Oaks* standard and that the Settlement is in the best interest of the Estate.

7. In addition to approval of the Settlement, HSBC Bank seeks a finding from the Court that notice upon all appearances of record and creditors who have filed proofs of claim or who have asserted an interest in the Debtor's estate is sufficient notice to parties, pursuant to Local Rule 2002-1.

**WHEREFORE**, HSBC Bank, respectfully requests that this Court enter an Order approving the Settlement, a proposed copy of which is attached hereto as **Exhibit "A"** and granting any further relief as the Court deems appropriate.

Respectfully submitted by:

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, Florida  33131
T. (305) 722-2002      F. (305) 722-2001

By:   /s/ Robert P. Charbonneau
        Robert P. Charbonneau
        Florida Bar No: 968234
        rpc@ecclegal.com

**EXHIBIT "A"**
**PROPOSED ORDER**

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*                                                                                  CASE NO. 13-13096-PGH

**JEFFREY MARC SISKIND,**                                   Chapter 11

      **Debtor**                            /

**ORDER APPROVING JOINT MOTION PURSUANT TO RULE 9019 TO APPROVE SETTLEMENT AND COMPROMISE BY AND BETWEEN CREDITOR, HSBC BANK USA, NATIONAL ASSOCIATION AND THE DEBTOR**

THIS MATTER came before the Court upon the stipulated joint motion of Creditor, HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan, Inc. Asset Backed Certificates, Series 2007-1 ("HSBC Bank") and Jeffrey Marc Siskind (the "Debtor") to approve the settlement between HSBC Bank and the Debtor, pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure and Local Rule 9013-1(D) (the "<u>Joint Motion</u>") [ECF#  ] and upon the filing of a Certificate of No Response [ECF #  ] filed by HSBC Bank in conjunction with the negative notice provisions set forth in the Joint Motion.  The Court, having reviewed the Joint Motion, having taken judicial notice of the Court record in its entirety, finds that no objections to the Joint Motion have been filed, that sufficient and proper notice of the Joint Motion was served on creditors and parties in interest, that the Settlement[2] is reasonable and in the best interests of creditors and that estate, and finding good cause to approve the Settlement, accordingly, the Court does **ORDER** as follows:

1. The Joint Motion is **GRANTED**.

2. The Settlement under the terms set forth in the Joint Motion is **APPROVED**.

3. HSBC Bank shall have an allowed, Administrative Expense in the amount of $176,129.17. However, HSBC's allowed Administrative Expense shall be treated in the Second Amended Plan as a Class 7, general, unsecured claim.

4. The Court finds that the Settlement is in the best interest of creditors and the Bankruptcy Estate and is above the lowest point in the range of reasonableness.  Accordingly, the Settlement meets the standard for approval of settlements as set forth in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.) *cert. denied*, 498 U.S. 959 (1990).

5. HSBC Bank is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement.

6. In the event that the Debtor defaults upon the terms of the Settlement, HSBC Bank shall be entitled to seek a revocation of the Debtor's discharge upon motion and a hearing.

7. The Court reserves jurisdiction to enforce the terms of this Order and the Settlement.

### # # #

---

[2] Any and all capitalized terms not expressly defined herein, shall bear the meaning ascribed to them in the Motion.

**SUBMITTED BY:**
Robert P. Charbonneau, Esq.
Florida Bar No: 968234
rpc@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Trustee*
501 Brickell Key Drive, Suite 300
Miami, FL  33131
T. (305) 722-2002     F. (305) 722-2001


(Copy furnished to Attorney Charbonneau, who is directed to serve a copy of this Order upon all interested parties)