**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                                    Case No. 13-13096-PGH

**JEFFREY MARC SISKIND,**                                    **Chapter 11**
        **Debtor.**
_____/

**MOTION TO CONVERT INDIVIDUAL CHAPTER 11 CASE TO CHAPTER 7 AND**
**LIMITED JOINDER IN UNITED STATES TRUSTEE'S MOTION TO**
**DISMISS/CONVERT**

     **COMES NOW**, Frederick Volkwein, Frederick Volkwein, d/b/a "Dockside Canvass, LLC",

Christopher George, David Fiore, 3485 Lago De Talavera Trust, Robert Gibson and Richard

Fairchild ("Creditors") by and through their undersigned counsel, pursuant to 11 U.S.C. § 1112(b)(1)

and (b)(4), Bankruptcy Rule 1017 and Local Rule 1017-1, respectfully requests conversion of these

Chapter 11 proceedings to Chapter 7 and joins in the Motion to Dismiss or Convert filed by the

United States Trustee to the extent said Motion requests conversion, and in support thereof, states:

     1.     Debtor filed a voluntary Chapter 11 Petition on February 11, 2013.

     2.     The Debtor's Amended Plan of Reorganization (the "Plan") [ECF No. 222] was

confirmed on October 22, 2014 [ECF No. 352].

     3.     No final decree has been entered and the Debtor has neither applied for a discharge

nor is he technically entitled to a discharge pursuant to the Amended Plan, the Confirmation Order

or pursuant to 11 U.S.C. §1141(d)(5)(A) as Debtor has not made all payments required under the

Amended Plan.  It is reasonably believed that only one distribution of a dividend to the Class 7

Unsecured Creditors has been made but this is uncertain given the lack of financial reporting by the

Debtor for the period ending June 31, 2017.  A review of the prior post-confirmation quarterly reports

would appear to show that only payments being made under the Plan are to the Secured Creditors,

as the U.S. Trustee's Motion to Dismiss or Convert [ECF No. 681] also indicates that the Debtor has also failed to remit fees owing to the U.S. Trustee.

4.      Debtor scheduled Creditor, "Dockside Canvas" as unsecured for $250,000 and was classified under the Plan as a "Class 7" general unsecured creditor; Creditor was, accordingly, entitled to dividend distributions for the Class 7 unsecured creditors under the Plan.  No distributions have been received by this Creditor.

5.      Creditor "Dockside Canvas" was also a client of the Debtor who was instructed and counseled by the Debtor, within the attorney/client relationship, to ignore notices concerning the bankruptcy court proceedings with the exception of the Chapter 11 ballot, which Debtor advised the Creditor to "reject" [ECF No. 273].   The Debtor then scheduled "Frederick Volkwein" as a creditor in the Chance & Anthem Chapter 7 filed in Maryland on January, but only to the extent of $250,000. Attached hereto as **Exhibit 1**, is correspondence received by undersigned counsel from Richard P. Zaretsky, Esq., a well-known, prominent local attorney on January 24, 2018.  The letter recounts a disturbing history of alleged fraudulent misrepresentations, active concealment and what appears to be conversion of client funds that were being held in the Debtor's trust account.  It was not until April of 2017 that the Debtor finally provided Mr. Volkwein with an "accounting" concerning an allegedly non-existent 1031 exchange which Debtor was to consummate on behalf of Mr. Volkwein. Upon information and belief, the Debtor was never qualified as a 1031 intermediary.  According to Mr. Volkwein's legal counsel, the Debtor's trust account should still be holding $759,000 that belongs to Mr. Volkwein as proceeds from a "Northwood" real estate transaction described in attorney Zaretsky's letter to undersigned of January 24, 2018.

6.      Creditors are unable to discern the financial condition of the Debtor's attempted reorganization inasmuch as the Debtor has failed to file post-confirmation quarterly operating

2

reports; the most recent disclosure filed by Debtor on July 17, 2017, covered the period from March 1, 2017 through June 30, 2017 [ECF No. 566].  The March 1, 2017 through June 30, 2017 quarterly report indicates a <u>negative cash flow</u> at the end of the second (2nd) quarter, 2017.  Additionally, the bank statements provided show repetitive negotiation of worthless checks or NSF's; there were nine (9) charges for NSF items during this reporting period.  The prior quarterly report, covering the period from January 1, 2017 through March 31, 2017 [ECF No. 564], was also filed on July 17, 2017 and also indicates a <u>negative cash flow</u> at the end of the first quarter of 2017 and two (2) NSF items presented by the Debtor; The quarterly report for the period from October 1, 2016 through December 31, 2016, filed on March 13, 2017, [ECF No. 508] indicates only $242.52 in cash flow at the end of the last quarter of 2016 with four (4) NSF items plus overdraft charges on the DIP account.;  The quarterly report for the period from July 1, 2016 through September 30, 2016, also filed on March 13, 2017 [ECF No. 506] indicates that the DIP account was charged for approximately fifteen (15) NSF and/or returned overdraft items and bank fees incurred thereby.  Accordingly, the Debtor has shown an inability to manage his financial affairs, pay his bills and to pay his creditors in the normal course and therefore has demonstrated an inability to effectuate substantial consummation of his Chapter 11 Plan which constitutes "cause" for conversion or dismissal pursuant to 11 U.S.C. §1112(b)(4)(M).

7.    Of concern are the numerous transfers from Debtor's DIP account to "C&A" and to other entities owned or controlled by the Debtor or others acting in concert with the Debtor.  C&A is Debtor's abbreviation for Chance & Anthem, LLC, an administratively dissolved Florida LLC that filed a voluntary Chapter 7 Petition in the District of Maryland through Jeffrey M. Siskind, the Debtor herein, as the alleged "Managing Member" of C&A on January 29, 2018, notwithstanding Debtor's own sworn filings in Maryland which clearly demonstrate that the Chapter 7 filing in Maryland did

not meet the requirements for proper venue in Maryland pursuant to 28 U.S.C. §1408.  Chance &

Anthem, LLC was formed by the Debtor and his father, William L. Siskind on October 9, 2014, just

a week or so following the confirmation hearing held on September 30, 2014 at 9:30 A.M..  However,

at the time of its formation, only William L. Siskind was the purported member of the C&A LLC;

the Debtor was listed solely as the "Manager" of the C&A LLC and not as a member.  Accordingly,

no mention is made of Chance & Anthem, LLC in Debtor's June 2, 2015 *Periodic Report Regarding*

*Value, Operations and Profitability of Entities in Which the Estate of Jeffrey Marc Siskind Holds a*

*Substantial or Controlling Interest* [ECF No. 406].  Upon reinstating the C&A LLC after the first

administrative dissolution on October 5, 2015, the Debtor was then listed as both a member and as

the Managing Member, with William L. Siskind taking-on the title of Registered Agent only (but at

the Debtor's former law office address in West Palm Beach, Florida).    The C&A LLC was

administratively dissolved again on September 22, 2017 and may now remain dissolved as the Debtor

herein may no longer have the legal capacity to reinstate the Florida LLC given the Chapter 7 filing

in Maryland, unless a Chapter 7 Trustee elects to reinstate the LLC.  The Maryland Chapter 7

proceedings are now the subject *of Creditors' Emergency Motion to Transfer Venue of Related Case*

*to the Southern District of Florida and for Stay of Related Chapter 7 Proceedings in the District of*

*Maryland Pending Judicial Determination* pursuant to Bankruptcy Rule 1014(b) [ECF No. 695].

The emergency motion to transfer and for stay is scheduled to be heard before this Court on March

16, 2018 at 9:30 A.M [Notice of Hearing at ECF No. 698].

8.      Pertinent copies of the Maryland Chapter 7 filings, filed by Debtor on behalf of

Chance & Anthem, LLC, were docketed in these proceedings for the information of the court, the

creditors and other interested parties at **ECF No. 678**.  It should be noted that the Debtor scheduled

unsecured liabilities of $6,324,824.00 and only $200.00 in assets in the Maryland filings.  The

Schedules and Statements filed in Maryland appear to contain false statements, especially as to the claims scheduled that have no relation whatsoever to Chance & Anthem, LLC and those which appear to have been simply fabricated.  Upon the filing of the C&A Chapter 7 in Maryland, the Debtor herein moved to stay the state court proceedings pending in the Circuit Court of the 15th Judicial Circuit, Palm Beach County, Florida.  A copy of the Motion to Stay the Circuit Court action due to the Chance & Anthem, LLC Chapter 7 filing and the Court's February 21, 2018 Order on Defendants' Motion to Stay are attached as **Exhibit 2**.  Certain Plaintiffs in those state court proceedings are clients of undersigned counsel who are post-petition creditors of the Debtor herein that would fall within the purview of 11 U.S.C. §348 and Rule 1019(6).   A copy of the Third Amended Complaint filed by David Fiore, Carl Stone, 3485 Lago De Talavera Trust and Dianna George against Jeffrey M. Siskind, William L. Siskind, Sovereign Gaming & Entertainment, LLC, OB Real Estate Holdings 1732, LLC, Siskind Legal Services, LLC and Chance & Anthem, LLC, in the 15th Judicial Circuit, Palm Beach County, Florida, Case No. 2016-CA-008765, is attached as **Exhibit 3**.    It would appear that the primary purpose for Debtor's filing of the C&A Chapter 7 in Maryland was to frustrate the administration of justice by delay and to harass and inconvenience the plaintiffs/creditors in the Palm Beach Circuit Court proceedings who are attempting to liquidate their claims, and to inconvenience and harass undersigned counsel and his law firm by filing a frivolous adversary complaint against undersigned, undersigned's law firm and the Debtor's former paralegal, Robert Gibson[1].  Given that the Debtor herein had no legal authority to file the Maryland adversary proceeding, the Chapter 7 Trustee in Maryland issued a Notice of Voluntary Dismissal, without prejudice (*See* [ECF No. 678]).  The Debtor has since filed a Motion to Compel Abandonment of the

---

[1] Who is owed approximately $60,000 for post-petition paralegal services rendered and who will also be filing an administrative claim in these proceedings.  Debtor has filed a motion to disqualify undersigned counsel in the Maryland proceedings based upon a specious argument that a conflict of interest exists even though the Maryland adversary has been dismissed and notwithstanding that no valid legal grounds for such a motion exists.

dismissed adversary, claiming that it has value to the Chance & Anthem estate.  The Chapter 7 Trustee in the Maryland proceedings, George W. Liebmann, Esq., filed an objection to C&A's motion to abandon the alleged claim.  Copies of the aforesaid Maryland filings are attached as **Exhibit 4**.  Debtor has since caused to be filed in the Maryland Chapter 7 proceedings a Motion to Disqualify undersigned counsel and his undersigned law firm and an Amended Motion to Disqualify, both on behalf of the debtor therein, Chance & Anthem, LLC, notwithstanding that the Debtor herein has no legal authority to file such motions.  It is also reasonably believed that another reason for the Debtor's filing of the Maryland Chapter 7 for C&A was an attempt to conceal from the secured and unsecured creditors, the U.S. Trustee and the Court, in these proceedings, the fact that one of the Debtor's post-petition corporate entities, C&A, was claiming $6,324,824.00 in liabilities, most of which are believed to represent non-dischargeable post-petition claims of Debtor's post-petition creditors in these proceedings or instances where the Debtor may have joint and several liability with C&A[2].

9.     Debtor's knowing filing of the Maryland Chapter 7 proceedings in an improper venue and his conduct in filing an adversary proceeding without authority and which was directed at undersigned and his firm in an attempt to create a conflict where none exists and the filing of motions on behalf of a Chapter 7 debtor that is in the hands of a Chapter 7 Trustee demonstrates an inability to properly manage his law practice and therefore to effectuate substantial consummation of his Chapter 11 Plan by wasting time in litigating issues that are entirely frivolous and filings that are solely for the purpose of interfering with the administration of justice and by causing delay and needless expense.  Debtor's attacks on counsel representing post-petition creditors is unconscionable and evinces a contumacious disregard for the rights of the creditors and their right to counsel.

---

[2] It is reasonably believed that the corporate veil of Chance & Anthem, LLC can be pierced.

10.     11 U.S.C. §1112(b)(1) provides that the court shall convert a case under Chapter 11 to Chapter 7 or dismiss, whichever is in the best interests of creditors and the estate, "for cause", unless the court determines that the appointment under 1104(a) of a trustee or examiner is in the best interests of creditors and the estate.

11.     The U.S. Trustee's Office has indicated that the Debtor has failed to pay U.S. Trustee fees [ECF No. 681]; Creditors submit that this failure is cause for dismissal or conversion pursuant to 11 U.S.C. §1112(b)(4)(K).

12.     The court file shows that the Debtor is unable to timely file periodic financial reports. In fact, the last report provides information only through June 30, 2017.  On December 18, 2017, Debtor filed his "Out of Time Motion for Extension of Time to File Debtor's Quarterly Report" [ECF No. 652].  The Debtor therein requested that he be afforded until December 31, 2017 in which to file a "combined report" for the period, July 1, 2017 through December 31, 2017 "on or before January 20, 2017 [sic] or, in the alternative leave to file its September Report on or before December 31, 2017."  The motion was set for hearing on January 3, 2018, at 9:30 a.m., however no order was ever entered by the Court.  Assuming the hearing took place, the Debtor had until 4:30 P.M. on January 10, 2018 in which to submit a proposed order to the Court pursuant to Local Rule 5005-1(G)(1)(C).[3] Accordingly, the creditors in this case have no information concerning Debtor's financial condition beyond the period ending June 31, 2017, other than that which can be implied from the Chance & Anthem, LLC Chapter 7 filing in Maryland.  Pursuant to 11 U.S.C. §1112(b)(4)(F), such failure to timely provide post confirmation quarterly reports constitutes good cause for dismissal or conversion, especially given Debtor's abandonment of his motion for an extension of time in which to file such reports.

---

[3] Pursuant to Local Rule 5005-1(G)(1)(C), the Court may dismiss the underlying action for failure to prosecute or take other action, such as denial of the relief requested should the Court so elect.

13.    Creditor, Dockside Canvass, LLC, a Class 7 unsecured creditor under Debtor's Plan, has never received any distributions under the Debtor's confirmed Plan.   It is unknown whether other Class 7 unsecured creditors received any distributions under the Plan and if so, the dates, amounts and identity of such unsecured creditors.  In this regard, Creditor, Dockside Canvass, LLC submits that conversion to Chapter 7 is required pursuant to 11 U.S.C. §1112(b)(4)(N) inasmuch as the failure to make distributions required under the Plan constitutes a material default.

14.    Creditors agree with the United States Trustee that it is not in the best interest of this estate and its creditors to remain in Chapter 11.   However, the Creditors would be at great disadvantage in the event these proceedings were dismissed rather than converted to Chapter 7.  The Debtor has demonstrated an inability to provide financial reports and a callous disregard for the requirement that he do so.  This is evidenced by the fact that even if the Debtor's out of time motion to extend time to file his quarterly reports was granted, no quarterly reports were filed by the date requested by the Debtor in his Motion for Extension of Time [ECF No. 652], to wit: December 31, 2017.  At the present time, 2 full quarters have run without a quarterly report and Debtor is more than 2/3 of the way into the first quarter of 2018.

15.    As was found in the matter of *In re Hamlin Terrace Health Care, Ctr.,* 211 B.R. 997, 1996 Bankr. LEXIS 1870 (Bankr. M.D. Fla. 1996) (Case No. 94-05487-6J7), it would be in the best interests of the unsecured creditors for these proceedings to be converted to Chapter 7 rather than dismissed.  As demonstrated by the Debtor's improvident filing of the Chance & Anthem LLC Chapter 7 in the District of Maryland and the unauthorized filings by the Debtor, post-petition and after appointment of a Chapter 7 Trustee, along with the scheduling by C&A of certain post-petition creditors of the Debtor in these proceedings, and against a backdrop of allegations of fraud and conversion on the part of certain post-petition unsecured creditors, all of the creditors in these

8

proceedings may benefit from the services of a Chapter 7 Trustee to effectuate a forensic analysis of Debtor's actual finances, including assets which it is believed have been secreted by the Debtor and which are in the hands of either affiliates or straw men employed by the Debtor to avoid the claims of his creditors.  Additionally, it is believed that the Debtor has either or both secreted assets abroad and/or in other states in the United States.  There are witnesses in other states who may also be potential parties in these proceedings, accordingly, national service of process afforded by our Bankruptcy Rules will also be of assistance to these unsecured creditors.  In *In re Hamlin etc.,* Supra, the Bankruptcy Court for the Middle District of Florida found that conversion was in the best interest of unsecured creditors holding substantial claims, such as in the case at bar, given that a Chapter 7 Trustee is better suited to handle the marshalling of assets and to determine the respective rights of the creditors and the Debtor.  Inasmuch as a Chapter 7 Trustee can retain counsel to assist in recovery efforts and serves to protect the creditors against duplicative costs and expenses that would otherwise be incurred by each creditor, individually, if the case were dismissed.    Additionally, given a prospective Chapter 7 Trustee's rights pursuant to  In the matter of *In re Sundale*, 471 B.R. 300, 2012 Bankr. LEXIS 524 (Bankr. S.D. Fla. 2012) (Case No. 07-21016-LMI), the Honorable Laurel M. Isicoff recognized that where a Chapter 11 Plan is in material default prior to substantial consummation, it would be highly unlikely for the Plan to be capable of substantial consummation. *Sundale,* Supra at p.303.  By its own terms, the Plan is in "material default" by reason of the various subsections of 11 U.S.C. §1112 alleged by both the U.S. Trustee and Creditors herein to have been violated.  While it cannot be argued by Debtor that his Chapter 11 Plan has been substantially consummated, the Debtor should not be granted a dismissal which would limit the creditors to state court remedies and the delays and expense associated with the exercise of state court remedies given the circumstances.  As the Court found in *Sundale,* Supra at p.307, "While there may be little or

nothing of value for unsecured creditors in light of the material defaults under the Plan, it is possible that a chapter 7 trustee will have a more objective view to resolution of the conflicts….".  The Debtor has spent an inordinate amount of time litigating within his own Chapter 11 (See adversary proceedings and the main case docket which looks more like an adversary docket than a Chapter 11 case docket.)  The Debtor now has now embarked on a campaign against his own post-petition creditors, some of whom are also former clients of the Debtor, by serving discovery requests in these Chapter 11 proceedings seeking information on how the post-petition creditors are creditors.  The Debtor has wasted much time and energy in the improvidently-filed Chance & Anthem, LLC Chapter 7 proceedings in Maryland.  Those proceedings were filed in bad faith and the Debtor herein engaged in the bad faith filing of an adversary which Debtor had no legal authority to file in a Chapter 7 proceeding and has now seen fit to commence another adversary against his former paralegal, Robert Gibson, in these Chapter 11 proceedings.  As the Debtor is aware, Robert Gibson has an administrative claim to be filed for unpaid services rendered to Debtor.  The joining of undersigned counsel and his firm as adversary defendants, with no factual allegations to support the joinder in the first place, is further evidence of the bad faith conduct of the Debtor in these proceedings.  Given the foregoing, the appointment of a Chapter 7 Trustee to take control of Debtor's financial affairs is indicated so as to protect the rights of all of the Plan's creditors in addition to the rights of the post-petition creditors of the Debtor who hold administrative claims in these Chapter 11 proceedings.  *In re Johnson*, 2016 Bankr. LEXIS 1937, 75 Collier Bankr. Cas. 2d (MB) 1117, 62 Bankr. Ct. Dec. 153 (Bankr. M.D. Tenn 2016) contains an excellent analysis of 11 U.S.C. §1112(b) as same relates to "bad faith" of a Chapter 11 debtor.  The *Johnson*, <u>Supra</u> opinion also stands for the proposition that even a finding of only one ground "for cause" is sufficient for purposes of conversion or dismissal. *Johnson*, <u>Supra</u>, pp. 14-15.  It is respectfully submitted that there are numerous grounds for

conversion or dismissal of these Chapter 11 proceedings as set forth in the U.S. Trustee's Motion to Dismiss or Convert [ECF No. 681] but that conversion would be in the best interests of <u>all</u> creditors, whether such creditors are Plan participants or whether they hold post-petition administrative claims.

**WHEREFORE**, Creditors, Frederick Volkwein, Frederick Volkwein, d/b/a "Dockside Canvas, LLC", Christopher George, David Fiore, 3485 Lago De Talavera Trust, Robert Gibson and Richard Fairchild respectfully request entry of an order converting these proceedings to Chapter 7, and for such other and further relief that the Court may deem just and proper under the circumstances of this case.

**Dated: <u>March 13, 2018</u>**                                 Respectfully submitted,

**McLAUGHLIN & STERN PLLC**
CityPlace Office Tower – Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Tel: (561) 659-4020
*Counsel for Creditor Frederick Volkwein,*
*Frederick Volkwein, d/b/a Dockside Canvas,*
*Christopher George, David Fiore, 3485 Lago*
*De Talavera Trust, Robert Gibson and*
*Richard Fairchild*

By:___ */s/ Steven S. Newburgh*_____
STEVEN S. NEWBURGH, ESQ.
Florida Bar No. 348619

11

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been furnished this  13th day of March, 2018, via CM/ECF to all persons authorized to receive notices, electronically, as set forth on the attached Service List and by U.S. Mail, postage prepaid, to all parties listed on the attached Service List who are not authorized to receive notices, electronically, through the Court's CM/ECF system in addition to all interested parties as shown on the attached Court's Mailing Matrix.

By:  /s/ Steven S. Newburgh
STEVEN S. NEWBURGH, ESQ.
Florida Bar No. 348619

<u>**SERVICE LIST**</u>

**Mailing Information for Case 13-13096-PGH**

**Electronic Mail Notice List**

The following is the list of <u>**parties**</u> who are currently on the list to receive email notice/service for this case.

- John C. Brock     jbrock@solomonlaw.com, bankruptcy@solomonlaw.com
- Robert P. Charbonneau     rpc@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.com
- Stephen P. Drobny     sdrobny@joneswalker.com, tsnow@joneswalker.com;jmaddox@joneswalker.com;rbruckmann@joneswalker.com;bturner@joneswalker.com;mvelapoldi@joneswalker.com
- Heidi A Feinman     Heidi.A.Feinman@usdoj.gov
- Jed L Frankel     jfrankel@eisingerlaw.com, sorta@eisingerlaw.com
- Daniel L. Gold     dgold@goldbergsegalla.com, mmartinez@goldbergsegalla.com
- Brian M Guertin     bk@exllegal.com, guertin.brian@yahoo.com
- Teresa M Hair     FloridaBKLegal@brockandscott.com, FLBKECF@brockandscott.com;WBECF@brockandscott.com
- Joshua T Hauserman     joshua@hlgflorida.com, jessica@hlgflorida.com
- Nicole Grimal Helmstetter     ngh@agentislaw.com, nsocorro@agentislaw.com;bankruptcy@agentislaw.com;ngh@ecf.inforuptcy.com
- Anthony Kang     Anthony.kang@saul.com
- Michael D Lessne     mlessne@broadandcassel.com, jphillips@broadandcassel.com
- Eugene R Martell     emartell@lenderlegal.com
- Orfelia M Mayor     omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- Brian K. McMahon     briankmcmahon@gmail.com, irizarryelise1@gmail.com
- David L. Merrill     dlmerrill@theassociates.com, zcastro@theassociates.com;trosa@theassociates.com;zrodriguez@theassociates.com
- Larry M Mesches     lmesches@kmjlawgroup.com, service@kmjlawgroup.com
- Steven S Newburgh     snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;bgonzalez@mclaughlinstern.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Robert M Peery     rpeery@sterneisenberg.com, rmarkpeeryesq@gmail.com
- Steven G. Powrozek     spowrozek@logs.com, electronicbankruptcynotices@logs.com
- Anila Rasul     arasul@shdlegalgroup.com, southerndistrict@shdlegalgroup.com
- Alexis S Read     alexis.read@dunnlawpa.com, nnayor@dunnlawpa.com
- Harry J Ross     hross@hjrlaw.com, jerri@hjrlaw.com
- Thomas E Rossin     ter@stjohnrossin.com, linda@stjohnrossin.com
- Jeffrey M Siskind     jeffsiskind@msn.com, jmsesq500@gmail.com
- Joseph B Towne     jtowne@lenderlegal.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

      Michael Brown, Esq.
      2620 Lake Shore Dr #100
      Riviera Beach, FL 33404

      CS Equities Inc
      c/o William Siskind
      Belize Place
      Wellington, FL 33414

      Sara Dozier
      c/o Michael Brown Esq
      2620 Lake Shore Dr #100
      Riveria Beach, FL 33404

      Miriam M. Siskind Trust
      c/o William L. Siskind Trustee
      8373 Belize Place
      Wellington, FL 33414

      OptimumBank
      2477 E. Commercial Blvd
      Fort Lauderdale, FL 33308

      Recovery Management Systems Corp
      25 SE 2 Ave #1120
      Miami, FL 33131

      William L. Siskind
      3485 Lago De Talavera
      Wellington, FL 33467